ROMEYN B. AYRES, Respondent, *v.* THE VILLAGE OF HAMMONDS-PORT, Appellant.

Plaintiff fell upon new ice formed the night before over an old accumulation of ice and snow upon a sidewalk in one of defendant's streets, which had been negligently constructed, so as to have too great a slope toward the street. *Held*, in an action to recover damages, that in the absence of evidence showing that the slope of the walk was a concurring cause of the fall, without which it would not have happened, plaintiff was not entitled to recover.

(Argued December 2, 1891; decided December 22, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department entered upon an order made October 1, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The following is the opinion in full:

"This action was brought to recover for injuries sustained from a fall upon an icy sidewalk.

"The accident occurred about ten 'clock on the morning of February 27, 1885, on the south side of Shether street in front of the St. James Hotel. The sidewalk at that point was constructed of boards, was about ten feet wide and extended longitudinally thirty feet, the whole length of the hotel. Next east of the hotel the sidewalk was upon a lower level and the two walks were connected by three wooden steps.

"The hotel building was built upon the line of the street and was surmounted with a flat roof draining to the rear, having a mansard front without gutter or eavestrough and the water from that dripped upon the walk falling at a point from one to two feet outside of the wall of the hotel.

"The plaintiff based his claim of negligence against the village, first, in permitting the walk to be constructed in an improper and dangerous manner, and second, in permitting a dangerous accumulation of ice and snow thereon.

"The evidence permitted the jury to find that at the easterly end of the walk the slope from the building to the street gutter was seven inches, and that the easterly end of the building

having settled, had caused the walk to be lower there than at the west end, and these two elements tended to cause the water that fell upon the walk to flow towards the north-east corner thereof and there be discharged into the street, and this undue, and as it was claimed, unsafe pitch, was the negligent construction complained of.

"That between February tenth and the day of the accident, ice and snow had accumulated upon this walk ranging in depth from six inches, where the drip from the eaves fell, to an inch at the outer line of the walk and that in the angle of the steps referred to, ice had accumulated two or three inches thick. There was no ridge under the drip of the eaves of the building, but from the thickest part of the ice at that point there was a gradual slope to the outer edge of the walk. This condition of affairs was known to the president of the village and other officers thereof.

"The beginning of this formation of ice was in a heavy storm of rain, followed by extreme cold, on the tenth of February.

"The plaintiff testified that it rained hard on February ninth and that the temperature fell to twenty degrees below zero on the morning of the tenth; that the streets and roads were very icy, and it was an extraordinary time. From that day until the day before the accident the temperature remained below freezing, with the exception of two or three occasions in the middle of the day, and frequently fell below zero. There was one or two snow falls, one at least quite heavy, and once or twice it rained slightly.

"It appeared from the evidence offered by the defendant that on the day preceding the accident it thawed a little, and in the evening it rained. This was followed by sudden and severe freezing, the temperature falling to zero, and there was a slight fall of snow early on the morning of the twenty-seventh. This rain and freezing caused a new formation of ice.

"As to the circumstances attending the plaintiff's fall, it appeared that he was walking from the west toward the east, and he testified that when he was two-thirds of the way across the platform his foot slipped and he went down, then he

raised himself up with his hands. Again, he testified that when he slipped he was on the last plank of the walk at the top of the steps.

"On cross-examination he testified : 'I walked about two-thirds of the way across before my foot slipped; I looked down at the walk and stepped to one side; all that I could see of the walk was what my feet covered when I slipped ; I proceeded then to the last plank on the Richards (hotel) walk, then both my feet went out from under me.'

"The evidence does not make it clear whether the plaintiff fell twice, once two-thirds of the way across the platform and again on the last plank, or whether he regained his balance after the first slip and fell at the top of the steps. But it is plain from his evidence that the ice in the angle of the steps had nothing to do with the accident, and we may, therefore, dismiss that feature of the case from our consideration.

"The court, after denying over the defendant's exception, a motion to dismiss the complaint made upon all the evidence, charged the jury that they might find negligence on the part of the defendant in permitting the walk to be constructed with an unsafe slope or pitch toward the street, and in permitting the ice and snow to accumulate thereon, and for the purposes of this appeal we assume that the evidence justified the submission of those two questions to the jury.

"The court instructed the jury to determine whether there was rain on the night of the twenty-sixth and a new formation of ice on the morning of the twenty-seventh, and charged them that the new ice thus recently formed could not be made the basis of a charge of negligence against the defendant, and for a fall thereon it was not liable.

"It then instructed the jury as follows : 'Although the defendant may not have been responsible for the condition of the ice upon the walk, or responsible for any injury resulting from the existence of ice upon that walk, yet if the negligence of the defendant in permitting the construction of the walk in the form in which it was constructed, or in permitting it to remain as constructed, concurred, with the ice so formed upon the walk, in producing the injury, the defendant is responsible.  *  *  *  To find that, you must find that.

this accident would not have occurred but for this construction. But if you find that the defective construction of that walk concurred with the thin ice to produce the result — if the result could not have been caused without defective construction — then the defendant is responsible.'

" I think the evidence as to the rain on the night of the twenty-sixth, and the new formation of ice on the morning of the twenty-seventh, was substantially undisputed, and if it was, it was error for the court to have submitted that question to the jury, but whether that was so or not, the exception to the charge just quoted was well taken, and as the judgment must be reversed, we may well leave the question as to the existence of the new ice to rest upon the evidence that will be produced upon a retrial.

" If there was no dispute as to the new ice, the motion to dismiss the complaint should have been granted, but, assuming that to have been in controversy, it was permissible, under the judge's charge, for the jury to have found that the plaintiff fell upon new ice formed on the morning of the twenty-seventh, and to have placed their verdict on the fact that the slope of the walk was a concurring cause of the accident, without which it would not have happened, and in this view of the case it is not distinguishable in its essential features from *Taylor* v. *City of Yonkers* (105 N. Y. 202).

" In that case, as this, the plaintiff fell upon new ice recently formed over an old accumulation, and upon a sidewalk having, through the negligence of the defendant, a slope from its inner to its outer edge of eight inches, and for that reason assumed to be in a dangerous condition.

" There, as here, the jury were instructed that the new ice furnished no ground of negligence on the part of the defendant, but if the slope of the walk was a concurring cause of the fall, without which the accident would not have happened, the defendant was liable.

" But this court reversed the judgment in the case cited on the ground that the facts did not permit the jury to find the slope of the walk to have been a concurrent cause of the fall, and upon that question the cited case and the case at bar are precisely alike.

"In each case it appeared that the plaintiff fell upon new ice lying upon a slope.

"To infer from that fact alone that he would not have fallen if the new ice had spread over a level, and did fall because of the slight pitch of the walk, was said in the case cited to be 'mere guess and speculation.'

"We are compelled to the same conclusion, and nothing need be added to the reasons given in the *Taylor* case.

"The exception considered was well taken, and the judgment should be reversed and a new trial granted."

*James H. Stephens* for appellant.

*J. F. Parkhurst* for respondent.

BROWN, J., reads for reversal.
All concur, except BRADLEY, J., not voting.
Judgment reversed.