WILLIAM R. LAIDLAW, JR., Appellant, *v.* RUSSELL SAGE, Respondent.

*Personal injury — damages for the wrongful act of the defendant in using the plaintiff's body as a shield against an anticipated danger from a third party.*

An action brought to recover damages for a personal injury, claimed to have been sustained by the plaintiff by reason of the alleged wrongful act of the defendant in using the plaintiff's body to protect himself from the effects of an anticipated explosion of dynamite, is maintainable when the plaintiff's evidence warrants the inference that the defendant, being in great fear lest a third party would carry out a threat to explode dynamite concealed in a bag then in his hand, touched the plaintiff, who was an innocent bystander, and caused him to change his position, with the intention of using the plaintiff as a shield against the apprehended danger of which he knew the plaintiff to be ignorant; that the third party then exploded the dynamite, and the plaintiff was injured.

In such a state of facts the burden is thrown upon the defendant of establishing that his wrongful act in causing the plaintiff to change his position with the intention of using him as a screen from the apprehended danger did not in the slightest degree contribute to any part of the injury which the plaintiff sustained by reason of the explosion; and it is not necessary for the plaintiff to show that he would not have been so severely injured if he had been left standing in his original position.

APPEAL by the plaintiff, William R. Laidlaw, Jr., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the city and county of New York, on the 24th day of June, 1893, upon the dismissal of the complaint at the close of the plaintiff's evidence on the trial at the New York Circuit.

*Noah Davis*, for the appellant.

*E. C. James*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages because of certain alleged wrongful acts of the defendant. The answer admitted some of the acts, but denied that any wrong had been done by the defendant to the plaintiff.

The facts appearing upon the trial seem to be substantially as follows:

FIRST DEPARTMENT, NOVEMBER TERM, 1893. [Vol. 73.

The plaintiff had, for a number of years, been accustomed to call upon the defendant at his office on business, two or three times a week and sometimes oftener. On the morning of the 4th of December, 1891, he went to call on the defendant at the request of his employer. Upon entering the office occupied by Mr. Sage, he found Mr. Sage and a person having a little satchel in his hand (who was a stranger to him, but whose name was subsequently ascertained to be Norcross) standing by the entrance of the anteroom talking. The plaintiff passed in without speaking to Mr. Sage, and entered the anteroom to there await the termination of the conversation. He stood near the center of a table at the end of the room furthest from the door at which Mr. Sage was standing, which table stood next to a railing in which there was a gate opening into a small space between the railing and a window looking upon Rector street, in which small space was a door opening into Mr. Sage's private office. While standing at the table the plaintiff did not hear any of the conversation between the defendant and the other man. After he had stood there facing the window half a minute, or a minute at the outside, Mr. Sage came from behind, away from his visitor but still looking at him, and placed his hand upon the plaintiff's shoulder without speaking to him. He then took his left hand down from the plaintiff's shoulder, and took plaintiff's left hand in both of his, and drew the plaintiff gently towards him, and gently turned him around and stood with one thigh resting upon the outer corner of the table. The plaintiff testified that the defendant did not use any force whatever on him, and that the only exercise of power on the part of Sage of which he was conscious at the time was that it was just sufficient to move him, but without any idea of force or anything of the sort; and that he moved voluntarily, because he offered no resistance, and that he was not conscious that Sage was pulling him at the time. The result of this change of position was to bring the body of the plaintiff between the defendant and the visitor, the body of the plaintiff covering the front of Sage's body. After Sage had been in this position for a second or two, he spoke to the visitor and said, as the plaintiff testified : " If I trust you why can't you trust me ? " or, " If you can't trust me I can't trust you." At that moment an explosion took place, and the plaintiff and Mr. Sage were thrown upon the floor, a person who was standing by the

Rector street window was blown through the window and killed, the visitor with whom Mr. Sage was talking was blown to pieces, and the rooms were a general wreck.

It further appears from the evidence that the stranger who stood in the doorway when the plaintiff entered had handed to the defendant the following letter: " This carpet bag I hold in my hand contains ten pounds of dynamite, and if I drop this bag on the floor it will destroy this building in ruins, and kill every human being in it. I demand $1,200,000 or I'll drop it. Will you give it? Yes or no."

The plaintiff was severely injured by the explosion, and this action was brought to recover damages claimed to have been sustained by reason of the alleged wrongful act of the defendant in using the plaintiff's body to protect himself from the effects of the anticipated explosion. And the question presented upon this appeal is whether this action can be maintained.

It is urged upon the part of the defendant that the plaintiff's case wholly failed to establish that the defendant's action was either wrongful, or that it was a proximate cause of plaintiff's injury, or an efficient cause without which the injury would not have happened; and that Norcross being the sole cause of the injury, Sage's act was not a proximate cause of the accident or of the damage to the plaintiff; that it did not even contribute to the accident or the damage, and hence Sage is not liable; that it was not even proved to be one of several concurring acts that produced the explosion, which explosion was the only and sole cause of plaintiff's damage; and that the plaintiff's testimony affirmatively establishes that his injuries were caused by the unlawful act of Norcross in exploding the dynamite, an act with which the defendant was not in any way connected, and for which, therefore, he was not responsible.

Numerous cases are cited to support the propositions which have been advanced; and the principle is invoked that an act of force done in necessary self-defense, causing injury to an innocent bystander, is *damnum absque injuria,* for no man does wrong or contracts guilt in defending himself against an aggressor. In support of which proposition attention is called to the celebrated *Squib* case, which would only tend to hold Norcross liable for the damage which he had committed.

The defendant also cites the case of *Ring* v. *The City of Cohoes* (77 N. Y. 83); *Searles* v. *Manhattan Ry. Co.* (101 id. 661); *Taylor* v. *City of Yonkers* (105 id. 203); *Ayres* v. *Village of Hammondsport* (130 id. 665); *Grant* v. *Pa. & N. Y. Canal & R. R. Co.* (133 id. 657), and other cases in support of the proposition that when several proximate causes contribute to an accident, and each is an efficient cause, without the operation of which the accident would not have happened, it may be attributed to all or any of the causes, but it cannot be attributed to a cause, unless without its operation the accident would not have happened. These cases, however, seem to us to have no application to the case at bar. Those were cases in which the question arose as to whether the plaintiff could recover because of alleged negligence of the defendant, and the proof showed that there were two causes, from either one of which the accident might have occurred, in respect to one of which the defendants were chargeable with negligence, and in respect to the other they were not. And the court held that a recovery could not be had unless it was proved that the injury resulted from the cause in respect to which the defendants were chargeable with negligence.

Our attention is also called to the language of Mr. Justice HOLMES in his work on the Common Law (p. 94), where it is laid down that " the general principle of our law is that loss from accident must lie where it falls, and this principle is not affected by the fact that a human being is the instrument of misfortune." And the language of Mr. Justice NELSON is cited, where he says : " No case or principle can be found, or if found can be maintained, subjecting an individual to liability for an act done without fault on his part. * * * All the cases concede that an injury arising from inevitable accident, or which in law or reason is the same thing, from an act that ordinary human care and foresight are unable to guard against, is but the misfortune of the sufferer, and lays no foundation for legal responsibility." (*Harvey* v. *Dunlop*, Hill & Denio [Lalor], 194.)

The case of *Brown* v. *Kendal* (6 Cush. 292), before Chief Justice SHAW, is also cited, in which it appeared that the defendant, while trying to separate two fighting dogs, raised his stick over his shoulder in the act of striking, and accidentally hit the plaintiff in the eye,

inflicting upon him a severe injury, and in which the court held that although defendant was bound by no duty to separate the dogs, yet if he was doing a lawful act he was not liable, unless he was wanting in the care which a man of ordinary prudence would use under the circumstances, and that the burden was on the plaintiff to prove the want of such care.

These cases, also, do not seem to us to be applicable to the one at bar. There the party proceeded against was held to be without fault, and while doing a lawful act accidentally inflicted an injury upon another.

About the correctness of such a proposition we do not think there is any room for doubt. But the facts of the case at bar do not necessarily place the defendant in the position of a person doing a lawful act, and thereby causing the plaintiff to be injured. In the consideration of the testimony offered upon the part of the plaintiff, those inferences which are most favorable to the cause of action attempted to be established by him must necessarily be drawn, and the ruling of the court below can only be sustained in case upon no theory of the proof a cause of action was made out. The jury would have a right to infer from the evidence in this case that the defendant, being in great fear lest Norcross would carry out the threat contained in his written memorandum to him, and explode the dynamite which he had in his bag, placed the plaintiff between himself and the apprehended danger as the best possible screen which he had at hand. Now, if the defendant put his hand upon, or touched the plaintiff, and caused him to change his position with that intent, he was guilty of a wrongful act towards the plaintiff; and if the plaintiff was injured by the happening of the anticipated catastrophe, then the burden is thrown upon the defendant of establishing that his wrongful act did not in the slightest degree contribute to any part of the injury which the plaintiff sustained by reason of the explosion. It is not necessary for the plaintiff to show that he would not have been so severely injured if he had been left standing in his original position; but the defendant having wrongfully placed him in the changed position with the intent of using him as a shield, and he being injured by the explosion which was anticipated by the defendant, in order to escape liability for this

wrongful act towards the plaintiff in thus using him as a shield, he is bound at least to show to the satisfaction of the jury that the plaintiff would have been injured to the same extent had he been left untouched.

There is no question of proximate cause. The court cannot say from the evidence introduced upon the trial that the plaintiff would have been injured to just as great extent if he had been left untouched; and the defendant having perpetrated this wrong against the plaintiff, having done so with the wrongful intent of saving himself from injury by exposing the plaintiff to injury, cannot be heard to say that there is no proof but that he would have been injured anyhow. Being the wrongdoer in attempting to make this improper use of the plaintiff's body, he must clear his skirts of any possible inference that some at least of the injuries of the plaintiff may have resulted from his wrongful act.

The whole groundwork of the respondent's argument is that the motion to dismiss was properly granted because it was incumbent upon the plaintiff to establish that without Sage's act he would not have been injured, thus completely turning around the question as to the burden of proof. If Sage had been acting innocently, if it could not be found from the evidence that he intentionally placed this man between himself and the expected danger, this rule might apply. But where his very act of placing the plaintiff in the position mentioned may have been a wrong towards the plaintiff, and may have been done by defendant with the intent of shielding himself from injury, if so done we fail to conceive why the burden of proof is not upon the defendant, rather than upon the plaintiff, to show that without defendant's act the plaintiff would have been equally injured. And it seems to us that there is where the fallacy of the defendant's argument lies. In all the cases cited, the party proceeded against was doing a lawful act, or was attempting to protect his property or person in a lawful manner and injury resulted.

We are of opinion, therefore, in view of the fact that from this evidence the jury might find that the defendant used this plaintiff as a shield against apprehended danger of which he knew the plaintiff to be ignorant, that a dismissal of the complaint cannot be sustained.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

FOLLETT and PARKER, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide event.