WILLIAM R. LAIDLAW, JR., Respondent, v. RUSSELL SAGE, Appellant.

*Use of the body of a third person as a shield against an anticipated danger — liability therefor if the act was deliberate — not if the act was involuntary or instinctive.*

Where a person with the deliberately formed purpose of using another as a screen from anticipated danger, of which the other person is entirely ignorant, places such person between himself and a party by whom the danger is threatened, and then gives such party an answer which precipitates the catastrophe, a wrong is done the person thus used as a shield, and should such person suffer injury, it is incumbent upon the person using him as a human buffer between himself and the anticipated injury, in order to establish that he is not liable for the damage resulting from the personal injuries sustained by the person thus used as a shield, to show that no part of such injury resulted from the wrong which he had committed toward him.

If, however, the action of the person in making use of the other as a shield is involuntary or such as would instinctively result from a sudden and irresistible impulse in the presence of a terrible danger, he is not liable for the damages resulting from the personal injuries sustained by such person.

APPEAL by the defendant, Russell Sage, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 5th day of April, 1894, upon the verdict of a jury for $25,000, rendered after a trial at the New York Circuit, and also from an order made at the New York

Circuit on the 30th day of March, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Edward C. James,* for the appellant.

*Noah Davis,* for the respondent.

VAN BRUNT, P. J.:

None of the objections to the judgment and order appealed from, which appear upon the brief of the counsel for the appellant, need any further consideration than such points received upon the previous appeal in this case. But an examination of the record discloses questions which have been raised during the progress of the trial which resulted in the judgment and order appealed from, and which, although not noticed upon this appeal by the counsel for the appellant or called to the attention of the court, would undoubtedly be discovered by him in ample time to present the same to the Court of Appeals in case they should not be considered by this court upon this appeal.

An examination of the record shows that the learned judge who presided at the trial seems to have fallen into fatal error in some of the propositions charged, and in the refusal to charge others which were requested, the former error arising at least to some extent because of the reading of portions of the opinion of the General Term to the jury without having regard to that which in the opinion had preceded the extract read.

Upon the previous appeal we had endeavored to define the theory upon which a recovery for the plaintiff might be sustained; and we showed that from the evidence which was then in the record the jury might find that the defendant, when in conversation with Norcross, after receiving the demand for money and the threat of action in consequence of its refusal, had refrained from giving an answer to such demand, and had, with the intention of protecting himself, gone to the table at which the plaintiff was standing, and, with the deliberately formed purpose of using the plaintiff as a screen from the anticipated danger, of all of which the plaintiff was entirely ignorant, had placed the plaintiff between himself and Norcross, and that when he had thus shielded himself he gave the answer to Norcross which precipitated the catastrophe; and we held that, if the jury

found such to be the fact, a wrong had been done to the plaintiff, and that the plaintiff having been injured it was incumbent on the defendant to show that no part of such injury had resulted from the wrong which he had committed towards him. We endeavored to show that the jury might find that the act upon the part of the defendant was not an instinctive act of self-preservation, he knowing himself to be in deadly peril, but rather the reasoning calculation of a deliberate man who takes in the whole situation and then with reason and forethought puts a human buffer between himself and anticipated injury.

It is undoubtedly true that the learned court in the first part of its charge substantially followed the position taken by the General Term and enunciated correctly the principles which were to govern the jury in their consideration of the evidence. But the court subsequently charged as follows : " That brings the case down to this — that by the decision of the General Term of this court, the burden of proof has been cast upon the defendant to show that the injuries of Laidlaw would have been as serious as they were if he had not been interfered with ; and, in order that there may be no misunderstanding with reference to that, I will read another extract from the opinion of the General Term : ' We fail to conceive why the burden of proof is not upon the defendant rather than upon the plaintiff to show that, without defendant's acts, the plaintiff would have been equally injured, and it seems to us that that is where the fallacy of the defendant's argument lies,' " thus substantially charging that the General Term had held that the plaintiff was entitled to a recovery unless the defendant should show that the plaintiff's injuries would have been as serious as they were if he had not been interfered with. The error into which the learned court fell was in inadvertently taking the extract in question from the opinion without considering that which had gone before. The opinion read: " The whole groundwork of the respondent's argument is that the motion to dismiss was properly granted because it was incumbent upon the plaintiff to establish that without Sage's act he would not have been injured, thus completely turning around the question as to the burden of proof. If Sage had been acting innocently, if it could not be found from the evidence that he intentionally placed this man between himself and the expected danger, this rule might apply.

But where his very act of placing the plaintiff in the position mentioned may have been a wrong towards the plaintiff, and may have been done by defendant with the intent of shielding himself from injury, *if so done* we fail to conceive," etc., as read in the charge clearly a different proposition from that read to the jury as the law laid down by the General Term.

In view of this charge the defendant's counsel at the close of the case requested the court to charge that, "If the jury find from the evidence that the defendant did take the plaintiff and use him as a shield, but that this action was involuntary, or such as would instinctively result from a sudden and irresistible impulse in the presence of a terrible danger, he is not liable to the plaintiff for the consequences of it.

THE COURT: " I will not charge it exactly in those words; I will charge it that the essence of the liability must be a voluntary act."

The proposition requested to be charged the defendant was entitled to have submitted to the jury, and in view of the previous statement to which attention has been called in reference to this matter, it may have resulted in serious prejudice to the defendant. The essence of the liability is not entirely whether the act of Sage was voluntary or not. An instinctive act may be voluntary; an act done upon the spur of the moment, in anticipation of impending evil, may be voluntary. But such acts are not the result of an intent based upon reasoning, and upon the previous appeal, therefore, we held that according to the testimony of the plaintiff the jury might find that the act of Sage in placing the plaintiff between himself and anticipated danger was not an instinctive act, but rather proceeded from calculation and design. We considered it manifest that the jury might have come to this conclusion, because the defendant expressly refrained from giving the answer which he had reason to believe would precipitate the catastrophe until he had placed himself, as he supposed, in a place of comparative safety behind the plaintiff. It would seem, therefore, that in refusing this request, as already stated, material prejudice was suffered by the defendant.

There are other exceptions taken to the charge which also present matters for serious consideration, but in view of the conclusion at

which we have arrived in respect to the request to which attention has been called, it is not necessary to consider the same.

The judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

Follett and Parker, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.