(57 App. Div. 176.)

O'HARA v. CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department.   January 25, 1901.)

1. TRIAL—FAILURE OF PROOF—DISMISSAL—APPEAL.

Where the complaint is dismissed at the close of the evidence for failure of proof, the plaintiff on appeal is entitled to the most favorable construction of the evidence in support of her complaint, and all contested facts are to be treated as established in her favor; and if, when so considered, the jury might reasonably have found for plaintiff, the action of the trial court must be reversed.

2. MUNICIPAL CORPORATIONS—NEGLIGENCE—SNOW—SIDEWALKS—ORDINANCE.

Where a city ordinance requires that all snow and ice shall be removed from sidewalks within four hours after falling, such ordinance presupposes the duty of the city to keep the sidewalks in a reasonably safe condition for public travel; and a neglect of that duty, resulting in injury to an individual, carries with it a right of action.

3. SAME—EVIDENCE—JURY.

Where a city ordinance required that all snow and ice shall be removed from sidewalks within four hours after falling, and the city was visited by a snowstorm of unusual severity, and, eighty hours after the snow ceased falling, plaintiff, being lawfully in the streets, fell, and was injured, on a sidewalk from which the snow had not been removed, and a narrow path, somewhat rough and uneven, had been beaten by persons passing over it, and a policeman, who was required by the ordinances and regulations of the city to report the conditions of the streets and sidewalks, passed over the walk every four hours, the question whether the city was guilty of negligence in permitting the sidewalk to remain in such condition for such length of time was for the jury.

4. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE—JURY.

Where, in an action against a city for injuries received by falling on an icy sidewalk, claimed to have been in an unsafe condition through defendant's negligence, plaintiff testified that she did not walk fast, that it was too slippery for anybody to walk fast, and that she walked carefully, to try and pick her way, and her foot turned from under her and she went down, which evidence was not disputed, nor weakened on cross-examination, the question whether plaintiff was guilty of contributory negligence should have been submitted to the jury.

Jenks, J., dissenting.

Appeal from trial term, Kings county.

Action by Mary O'Hara against the city of Brooklyn. From a judgment for defendant entered on an order dismissing the complaint at the close of the evidence, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Robert Stewart, for appellant.

R. Percy Chittenden, for respondent.

WOODWARD, J.   This is an action for damages for personal injuries sustained by the plaintiff by reason of a fall upon one of the sidewalks of the then city of Brooklyn; the accident occurring in December, 1896.   At the close of the evidence the complaint was dismissed, upon the motion of defendant's counsel, on the grounds that plaintiff had failed to establish negligence on the part of the defendant, and freedom from contributory negligence on her part.   From the judgment entered, appeal comes to this court.

The plaintiff, having been nonsuited, is entitled on this appeal to

the most favorable construction of the evidence in support of her complaint, and all contested facts are to be treated as established in her favor.   Higgins v. Eagleton, 155 N. Y. 466, 471, 50 N. E. 287, and authorities there cited.   The complaint alleges the existence of an ordinance of the city of Brooklyn requiring that all snow and ice shall be removed from the sidewalks within a period of four hours after the falling thereof, and this, not being denied by the defendant, must be deemed to be admitted.   The existence of the ordinance presupposes the duty on the part of the city to keep the streets, including the sidewalks, in a reasonably safe condition for public travel; and, where a duty is imposed by law upon a corporation, neglect of that duty, resulting in injury to an individual, carries with it a right of action, whether the corporation be public or private.   Const. art. 8, § 3. This is not questioned in the case now before us, the liability of the defendant being assumed; but the complaint was dismissed, upon the motion of the defendant, on the grounds that the plaintiff had failed to show negligence on the part of the defendant, and lack of contributory negligence on her part.   The evidence shows that a snowstorm visited the city of Brooklyn on the 15th and 16th days of December, 1896, of unusual severity; that the snow ceased to fall at about 3 o'clock in the afternoon of the 16th; that on the 19th day of December, about 11 o'clock in the evening the plaintiff, being lawfully in the streets of Brooklyn, fell upon the sidewalk, from which the snow and ice had not been removed, sustaining the injuries complained of in this action.   It appears that persons passing over the sidewalk had beaten a narrow path, somewhat rough and uneven, and that the plaintiff, being called upon suddenly to go from her home to overtake persons who had just left the house, and to whom she desired to deliver a key, went out without her rubbers on, and in passing over the sidewalk, thus conditioned, fell and sustained the injuries.   It was in evidence that a policeman employed by the city passed over this beat as often as once every four hours, and that it was made his duty, by the ordinances and by the regulations of the police department, to report the condition of the streets and sidewalks.   We are clearly of opinion that it was for the jury to say whether the defendant was guilty of negligence in permitting the sidewalk to remain in the condition described by the witnesses during the time that elapsed after the storm had passed, and whether the condition was in fact dangerous to a degree which imposed an active duty upon the city. It is not the duty of a municipality to make the streets absolutely safe under all conditions, but it does owe the duty of exercising reasonable care to make them reasonably safe for the purposes for which they were intended; and, where there are inferences to be drawn from the evidence which support the contention of the plaintiff, it is the province of the jury to determine the facts.   Turner v. City of Newburgh, 109 N. Y. 301, 16 N. E. 344.

On the question of contributory negligence the plaintiff testified:

"I did not walk very fast. I couldn't walk fast. It was too slippery to walk fast,—for anybody to walk fast. I did walk carefully, to try and pick my way on that path, after I got on it. I walked very slow, but I called, and they came back towards me, and as they got near me I fell. I fell in

between the two iron posts. Just before I slipped and fell I didn't know that I was going to fall. I went right along as careful as I could, and my foot turned from under me and I went down."

This evidence was not disputed, nor was it weakened on cross-examination; and the jury might have concluded, and very properly, that the plaintiff was exercising that reasonable degree of care which persons of ordinary prudence would use under the same circumstances. It seems entirely clear to us that this was not a case to be determined as one of law, and that it was error to deny the request of the plaintiff to go to the jury on the questions of fact involved.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur, except JENKS, J., who dissents, and SEWELL, J., who takes no part.