(98 App. Div. 301)

## MORAN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE CROSSWALKS—SNOW AND ICE.

    The walk in front of an alleyway is a crosswalk, and hence a city ordinance requiring persons to remove snow and ice from a sidewalk in front of premises owned or occupied by them within four hours after the fall thereon has no application thereto.

2. SAME—NEGLIGENCE.

    A city whose duty it is to keep the crosswalks free from snow and ice is not liable for an injury because of the slippery condition of the crosswalk resulting from a fall of 10 inches of snow followed by sleet and rain, and the falling of temperature, which remained below the freezing point until after the accident, which occurred 48 hours after the close of the storm.

Appeal from Trial Term.

Action for personal injuries by Anastasia Moran against the city of New York. From a judgment entered on an order dismissing plaintiff's complaint at the close of the case, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

James C. Cropsey (F. W. Catlin, on the brief), for appellant.
James D. Bell (James W. Covert, on the brief), for respondent.

WOODWARD, J. The plaintiff was injured by a fall upon what was alleged to be an accumulation of snow and ice on the sidewalk of Columbia street, in the borough of Brooklyn, but this is not quite accurate, for the plaintiff was injured in front of an alleyway, and the walk at that point is rather a crosswalk than a sidewalk, and the ordinance of the former city of Brooklyn in evidence in this case relates solely to the duty of persons to see to it that no snow or ice shall be permitted to "remain on the sidewalk and gutter in front of any house, building, or lot occupied by him, or of any unoccupied house, building or lot owned by him, more than four hours after the fall thereof." It has no relation to the duty of the city in respect to its crosswalks, and it must be assumed, therefore, that this duty is merely to exercise reasonable care to keep the streets and crosswalks in a reasonably safe condition for the use for which they were intended. The ordinance, though appearing in evidence, has no bearing upon the duty of the city in respect to its crosswalks. It is simply designed to permit the city to impose the burden of cleaning the sidewalks in front of private property upon the owners or occupants of such property, and to permit the city to remove the snow and ice at the expense of the owners or oc-

¶ 2. See Municipal Corporations, vol. 36, Cent. Dig. §§ 1627–1629.

cupants if they fail to act within four hours (sections 9 and 14 of article 6 of the ordinances of the former city of Brooklyn); but it does not fix any time within which the city shall act in respect to the sidewalks, and it does not make any provision in reference to crosswalks, so that, for the purposes of this appeal, the ordinance may be treated as though it were not in evidence, and in this respect the case is to be distinguished from O'Hara v. City of Brooklyn, 57 App. Div. 176, 68 N. Y. Supp. 210, where the accident occurred upon a sidewalk in front of private property, and where there had been no effort to comply with the ordinance. In the O'Hara Case, moreover, it appeared that a severe snow storm visited the city on the 15th and 16th days of December; that the snow ceased to fall at about 3 o'clock in the afternoon of the latter day, without any evidence to show what the intervening weather may have been, and the accident occurred about 11 o'clock in the evening of the 19th; and this court held that the question of the defendant's negligence in failing to act after the owners of the premises had been in default for more than four hours (this fact being known to the policeman, who was, under the ordinances of the city in evidence, charged with the duty of reporting upon the condition of the streets) was for the jury. In the case now before us the evidence discloses that the snowstorm which produced the alleged dangerous condition of the walk began at 7:55 a. m. of March 15, 1900, and ended at 7:18 p. m. of the same day; that this was followed by sleet, which lasted until 12:30 a. m. of the 16th, when it became rain and sleet, which continued at intervals until 7:40 a. m., and was followed later by a light snow. After the storm closed, the temperature fell below the freezing point, and remained so nearly all of the 16th, and on the 18th—the day of the accident—the temperature was below the freezing point until the early evening, the accident occurring at 8:30 in the morning. The question is, was the city negligent? Did it fail in the discharge of any duty owed to the plaintiff, under the circumstances, in failing to remove an accumulation of snow and ice upon the cobblestone pavement at this alley crossing within 48 hours of the close of the storm, where the storm was followed by temperature below the freezing point, continuing until after the happening of the accident? We think the case of Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, 59 Am. Rep. 492, answers this question in the negative, and in harmony with O'Hara v. City of Brooklyn, supra. In that case it was pointed out that the city could properly impose the burden of cleaning the walks in front of private property upon the owners or occupants, and that, where this work was being generally done by the citizens, the city was justified in waiting a reasonable length of time. But it was said that the city was not thus relieved from responsibility; that, "when such reasonable time has been given, the corporation must compel the adjoining owners or occupants to act, or do the work itself, and if it suffers the obstruction to remain thereafter, with notice, actual or constructive, of its existence, it may become responsible for injuries resulting." This was the doctrine of the O'Hara Case, supra. But the court continues:

"Another and different emergency sometimes occurs, and was referred to in the charge to the jury. When the streets have been wholly or partially cleaned, it often happens that a fall of rain or the melting of adjoining snow

is suddenly followed by severe cold, which covers everything with a film or layer of ice, and makes the walks slippery and dangerous. This frozen surface it is practically impossible to remove until a thaw comes which remedies the evil. The municipality is not negligent for awaiting that result. * * * The emergency is one which is common to every street in the village or city, and which the corporation is powerless to combat. Usually it lasts but a few days, and the corporate authorities may await without negligence a change of temperature which will remove the danger."

The undisputed evidence in this case is that the storm, which ended with sleet and rain, came to a close about 48 hours before the happening of the accident, and that this was followed by a temperature which remained below the freezing point until after the accident. The crossing was paved with cobblestones, and no negligence is alleged in connection with the construction of the walk. The snow fall was about 10 inches, and this had been tramped down over these cobblestones so that the walk presented an uneven surface; and this, followed by the rain and sleet and the low temperature, created the dangerous condition of the walk, and brings the case within the rule suggested in the Taylor Case, supra. See Ayres v. Village of Hammondsport, 130 N. Y. 665, 668, 29 N. E. 265; Lichtenstein v. City of New York, 159 N. Y. 500, 505, 54 N. E. 67, and authorities there cited.

While there was some dispute as to whether there was a previous accumulation of snow and ice upon this walk, it can have no bearing upon the case. Whatever there was below, it had been modified and changed by the falling snow, the tramping of pedestrians over it as it fell, and the sleet, rain, and freezing temperature, and the only question is whether the condition as thus created charged the defendant with liability. We think it did not, and that the judgment should be affirmed. The judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.