(123 App. Div. 191.)

POWERS v. VILLAGE OF MORAVIA.

(Supreme Court, Appellate Division, Fourth Department.   January 8, 1908.)

1. MUNICIPAL CORPORATIONS—ACTION FOR INJURIES—ICY SIDEWALKS—EVIDENCE—SUFFICIENCY.

In an action for injuries from slipping on a sidewalk, evidence *held* to sustain a verdict for plaintiff on the theory that defendant was negligent in permitting a sluiceway to become clogged and force surface water to flow across a sidewalk, where it froze.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1739, 1740.]

2. DAMAGES—EXCESSIVE DAMAGES—INJURIES TO WRIST.

Plaintiff, a married woman, earning $5 or $6 a week working out in families, besides doing her home work, sustained a Colles fracture of her right wrist, suffered great pain for several months, carried her arm in splints for about ten weeks, and bandaged it for three or four weeks more. The bone united, but there was some deformity, the hand was weakened, the fingers stiffened, she was unable to do any outside work for seven months, and her earning capacity was permanently diminished.  *Held*, that a verdict for $2,000 was not excessive.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 372-394.]

Appeal from Trial Term, Cayuga County.

Action by Mary A. Powers against the village of Moravia.   From a judgment for plaintiff, and an order denying a new trial, defendant appeals.   Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Frank C. Cushing, for appellant.
Rowland L. Davis, for respondent.

KRUSE, J.   The proof tends to show, and the jury was justified in finding, that the plaintiff fell and was injured on the sidewalk in question through the negligence of the officers of the defendant in permitting the conduit or sluiceways for conducting surface water and surplus water from a watering trough to become clogged, thus causing it to run across to the opposite side of the street and over the sidewalk, forming a ridge of ice where the plaintiff fell and received her injuries.   The mere fact that it froze the night before the accident, and that the danger was increased by a light fall of snow thereon, does not necessarily relieve the defendant from liability.   The conclusion is entirely warranted that the officers of the defendant, charged with the duty of keeping the sidewalks reasonably safe and passable, could have foreseen, in the exercise of reasonable care and foresight,

that unless the conduits and sluiceways were kept open, and the water prevented from running across the sidewalk, such an accident as this would happen.

The decision in the case of Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, 59 Am. Rep. 492, is not controlling here. The dangerous condition of the sidewalk was not caused alone, as there, by the ice freezing and snow falling so shortly before the accident, and so generally throughout the village, as not to afford the defendant's officers ample time and opportunity to know the dangerous condition, and to remedy the same. The proof in this case shows that the water had run across the sidewalk during the entire winter, and before that; that it alternately froze and thawed; that the defendant's officers had notice of this condition, and that on the morning of the 15th of March, 1907, when the accident occurred, there was a V-shaped accumulation of ice nearly across the sidewalk, two or three feet wide at the north edge of the walk, tapering toward the south side, and somewhat higher on the north side, where the water flowed upon the walk, with a slight ridge or crown. Two other persons fell upon this same ridge on the same day the plaintiff fell. This case is not unlike that of Kopper v. City of Yonkers, 110 App. Div. 747, 97 N. Y. Supp. 425, affirmed in the Court of Appeals, 188 N. Y. 592, 81 N. E. 1168, where the city was held liable for a similar accident.

The jury found a verdict for the plaintiff of $2,000. The plaintiff sustained a Colles fracture of the right wrist. Although the bone has united, there is more or less deformity, and the hand has been weakened and fingers stiffened. She suffered great pain for several months. The arm was carried in splints for about ten weeks, and bandaged for about three or four weeks after that. She was a married woman, but had her own separate business, earning about $5 or $6 a week, working out in families. She seems to have been unusually industrious. It was her custom to get up about half-past 4, get breakfast and do her own work at home, leaving for her outside work at about half-past 6, and getting back about 6 o'clock in the afternoon, after which she did her own housework, including washing and ironing. The plaintiff was on her way to her work when she fell. For about seven months thereafter she was unable to do any outside work, and since then she has not earned as much as before. Her earning capacity has undoubtedly been permanently diminished. I think the jury was not unreasonable in awarding her the sum of $2,000.

The charge was fair and correct, and none of the exceptions thereto was well taken. No prejudicial error was committed in ruling on questions of evidence.

The judgment, and the order denying the defendant's motion for a new trial, should be affirmed, with costs. All concur.