## HATCH v. CITY OF ELMIRA.

(Supreme Court, Appellate Division, Third Department. January 4, 1911.)

MUNICIPAL CORPORATIONS (§ 771*)—DEFECTS IN STREETS—ICE ON SIDEWALKS.
　　A city is responsible for the defective condition of its sidewalks by reason of snow and ice, where dangerous ridges are formed and allowed to remain after the weather reasonably permits removal; but it is not liable for failure to remove small hummocks of ice on the sidewalk, which were made in snow and melting slush by passing pedestrians and later frozen.

　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1627; Dec. Dig. § 771.*]

Appeal from Trial Term, Chemung County.

Action by Margaret C. Hatch, an infant, by her guardian ad litem, against the City of Elmira. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Michael Danaher, for appellant.

Lewis E. Mosher, for respondent.

HOUGHTON, J. The action is to recover damages for injuries received from falling on an icy sidewalk. The plaintiff proved that ice and snow had been allowed to accumulate upon a sidewalk in the defendant city for some period of time. It had snowed and rained and frozen at intervals, and from the description given as to the condition of the walk it would appear that pedestrians had made footprints in the slush which had frozen. The plaintiff herself describes the walk

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as "lumpy" and "humpy" all over its surface. The proof is that these humps were from one to two inches in height. There was no ridge in the sidewalk, but simply this uneven surface.

The charter of the defendant requires 48 hours actual notice of a defective condition of a sidewalk, resulting from ice or snow, in order to charge the defendant with damages. The defendant insists that the plaintiff failed to prove any notice, or that length of notice, to its superintendent of public works. Assuming that the proper notice was given, we are of opinion that the accumulation of ice and snow was so slight and of such a character that the defendant cannot be deemed guilty of negligence in failing to remove it. In this climate it is impossible to prevent the accumulation of some ice and snow on walks of cities and villages. A municipality is only responsible for a defective condition of a sidewalk by reason of snow and ice, where dangerous ridges are formed and allowed to remain after the weather has reasonably permitted their removal. A two-inch hummock is not a ridge, and while an uneven icy sidewalk may be difficult to walk upon, and a person may slip and fall, a municipality is not responsible for the injury.

In Kopper v. City of Yonkers, 110 App. Div. 747, 97 N. Y. Supp. 425, affirmed 188 N. Y. 592, 81 N. E. 1168, and Powers v. Village of Moravia, 123 App. Div. 191, 108 N. Y. Supp. 159, and kindred cases, upon which the respondent relies, the municipalities had permitted the discharge of water from buildings to run upon and across the sidewalk, thus augmenting the natural accumulation of ice and snow. Those cases turn upon the negligence in permitting water to be so discharged, which in certain weather must necessarily make an accumulation of ice. The condition in the present case was brought about wholly by natural causes.

The motion of the defendant to dismiss the complaint should have been granted and it was error to submit the question of defendant's negligence to the jury.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except SMITH, P. J., not voting.