Ethel S. Brown, Appellant, v. Rose Silvera, Eastchester Savings Bank and George J. Russel, Respondents. Mortimer C. Brown, Appellant, v. Rose Silvera, Eastchester Savings Bank and George J. Russel, Respondents.— In an action, brought by the plaintiff-wife, to recover damages for personal injuries sustained by falling on the ice on the sidewalk adjoining defendants' property and in a separate action brought by the husband for loss of services and medical expenses, judgments reversed upon the law and a new trial granted, with costs to abide the event. The complaints were dismissed at the close of plaintiffs' case because, in the judgment of the trial justice, plaintiffs had failed to show any defect in the leader attached to the defendants' house in question. It is apparent from the record that plaintiffs' claim of negligence was not based upon a defective leader. The complaint alleged negligence on the part of the defendants in failing to provide proper facilities to keep the water caused by melting snow upon said building and upon the high land upon which said building was erected from flowing down from the premises of the defendants upon the sidewalk. This allegation necessarily involved the construction and conditions at the point in question, and the proof tended to show that the water came from the roof of the building through a leader which emptied into a terra cotta pipe sunk into the ground; that this did not carry the water into the ground, but the terra cotta pipe overflowed

upon the surface of the ground, forming gullies which ran from the pipe to the sidewalk, and that the water coming from the building, overflowing in this manner, reached the sidewalk through the gullies and froze upon said sidewalk; that it was this ice which caused plaintiff-wife's fall; and that this condition existed to the knowledge of the defendants. This, we think, made out a *prima facie* case, and the complaints were improperly dismissed. Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ., concur.