ALFRED FEINBLUM and MARY FEINBLUM, Appellants, Respondents, *v.* THE CITY OF NEW YORK, Respondent, Impleaded with DAVID EISENBERG, ROSE GOLDSTEIN and MADELINE KOPELMAN, Appellants.

Second Department, November 5, 1937.

*Max Taylor* [*Arthur Ofner* and *Julius L. Neidle* with him on the brief], for the plaintiffs, appellants, respondents.

*Joseph J. Jacobs,* for the defendants, appellants.

*Leonard M. Wallstein, Jr.* [*Paul Windels, Corporation Counsel, Paxton Blair* and *Elizabeth Rogers Horan* with him on the brief], for the defendant, respondent, The City of New York.

DAVIS, J. The individual defendants were owners of premises on Forty-first street, Queens. Two greenhouses had been constructed thereon, and water from the eaves of both fell into a narrow alleyway between them. The overflow of the water ran across the sidewalk, causing ice to form thereon in winter. Plaintiff Mary Feinblum, on January 14, 1935, while walking on the sidewalk, slipped and fell on this ice, sustaining serious injuries. There was no snow or ice on the sidewalks in this vicinity. This

action was brought by Mary Feinblum to recover damages for the injuries she suffered, and by her husband for loss of his wife's services.

On the trial before the court without a jury the complaint was dismissed as against the city, and damages were found for both plaintiffs against the individual defendants. The amount thereof is not questioned.

The plaintiffs appeal from that part of the judgment which dismisses the complaint as against the city, and the individual defendants appeal from the judgment rendered against them.

The court found that the condition constituted a nuisance, and the evidence supports the theory that the negligence of all the defendants was the cause of the nuisance. It was within the power of the city to abate the nuisance, but if it did not it was liable.

There is no serious question as to the liability of the individual defendants. As to the defendant city, we think it was error to dismiss the complaint. Liability follows where a municipality remains quiescent in the face of a long-continuing nuisance (*Klepper* v. *Seymour House Corp.*, 246 N. Y. 85, 91; *Khoury* v. *County of Saratoga*, 267 id. 384; *Taylor* v. *City of Albany*, 239 App. Div. 217; affd., 264 N. Y. 539), particularly where it permits water to flow from private property or otherwise across the sidewalk, forming ice. (*Todd* v. *City of Troy*, 61 N. Y. 506; *Kopper* v. *City of Yonkers*, 110 App. Div. 747; affd., 188 N. Y. 592; *Powers* v. *Village of Moravia*, 123 App. Div. 191; *Duffy* v. *City of New York*, 128 id. 837, and *Stapleton* v. *Church of the Pilgrims*, 242 id. 710.)

The judgment as against the individual defendants should be affirmed, with costs. That part of the judgment which dismisses the complaint against The City of New York should be reversed on the law, with costs, and judgment rendered for the plaintiffs against the city in the amount found by the trial court.

HAGARTY, JOHNSTON and TAYLOR, JJ., concur; CLOSE, J., concurs in the affirmance of the judgment as against the individual defendants but dissents from the reversal of that part of the judgment which dismisses the complaint as against The City of New York and renders judgment for the plaintiffs and against the city in the amount found by the trial court.

Judgment against the individual defendants unanimously affirmed, with costs. That part of the judgment which dismisses the complaint as against The City of New York is reversed on the law, with costs, and judgment is rendered for the plaintiffs as against The City of New York for the amount found by the trial court.