KATHERINE McKAY et al., Appellants, v. CITY OF NEW YORK et al., Respondents.— Companion actions by a wife to recover damages for injuries sustained

by reason of a fall on a patch of ice formed as the result of drippings of melted snow from an advertising sign which projected from a building owned by one of the individual defendants and erected and maintained by the other, a tenant, over the sidewalk, and by her husband for medical expenses and loss of services. The complaint was dismissed at the close of plaintiffs' case. On appeal by plaintiffs from the judgment in favor of defendant City of New York, judgment unanimously affirmed, with costs. On appeal by plaintiffs from the judgment in favor of individual defendants Anna Marzio and Salvatore Ciniglio, judgment reversed on the law and new trial granted, with costs to abide the event. The proof was sufficient to warrant the inference that the patch of ice resulted from drippings from the sign and thus that the individual defendants, by reason of their negligence, had created a nuisance on the sidewalk. (*Tremblay* v. *Harmony Mills*, 171 N. Y. 598; *De Gillio* v. *Roman Catholic Slovac Church of St. Mary*, 249 App. Div. 830; *Brown* v. *Silvera*, 248 App. Div. 726; *Klepper* v. *Seymour House Corp.*, 246 N. Y. 85; *Venable* v. *Consolidated Dry Goods Co.*, 225 App. Div. 202, affd. 251 N. Y. 585; *Kruger* v. *Huguenot Trust Co.*, 246 App. Div. 761.) Considered in its most favorable aspect, the proof that the patch of ice existed on the sidewalk, otherwise clear, for approximately twenty-four hours before the accident and that a similar condition obtained on two other occasions, is insufficient to show that the municipal corporation had been afforded constructive notice of the alleged nuisance. We are of opinion that when all elements pertinent to municipal liability are considered, the alleged nuisance, so far as proved, was not of such notorious character as would serve to charge the defendant City with notice. (See *Todd* v. *City of Troy*, 61 N. Y. 506, 511; *Kaveny* v. *City of Troy*, 108 N. Y. 571, 576; *Kolasky* v. *City of New York*, 288 N. Y. 523; cf. *Khoury* v. *County of Saratoga*, 267 N. Y. 384; *Feinblum* v. *City of New York*, 252 App. Div. 330, affd. 277 N. Y. 708.) Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.