(110 App. Div. 747.)

## KOPPER v. CITY OF YONKERS.

(Supreme Court, Appellate Division, Second Department. January 26, 1906.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—INJURIES TO PEDESTRIAN.
    Where, in an action against a city for injuries received by a pedestrian, the evidence showed that the city had negligently permitted a ridge of ice to remain on a sidewalk, that the day before the accident snow had fallen augmenting the ridge, and plaintiff's testimony that she slipped on the ice and fell was corroborated by the fact that the ridge was located at the place she fell, the jury were warranted in finding that the accident was occasioned by the ice for which the city was responsible, and not by the snow, for which it was not responsible.
    [Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1627, 1668, 1739.]

2. SAME—KEEPING STREETS FREE FROM ICE—DUTY OF CITY.
    That the grade of a street is steep increases the likelihood of pedestrians falling in case ice is formed thereon, and imposes on the city the duty of exercising vigilance commensurate with the danger, and requires it to exercise care to prevent the accumulation of ice thereon.
    [Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1626–1629, 1668.]

3. SAME—DUTY OF KEEPING STREETS IN REPAIR.
    It is the duty of a city to keep its streets in safe condition, and to exercise reasonable care in the discharge of such duty.
    [Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1612–1615.]

4. SAME—DEFECTIVE STREETS—INJURY TO PEDESTRIAN—INSTRUCTIONS.
    Where, in an action against a city for injuries to a pedestrian in consequence of slipping on a ridge of ice on the sidewalk, the court charged that the jury were to determine whether the ridge of ice had existed for a sufficient length of time so that the city officials ought to have known that it was there, and to have removed it, that nothing unreasonable was required of the city, and that the jury were to consider the difficulties attending sudden changes of the weather, a charge that the city was obliged to keep its streets in safe condition, was not erroneous, for the jury must have understood that the city was required to exercise reasonable care in discharging such duty.
    [Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1759.]

5. APPEAL—INSTRUCTIONS—PREJUDICIAL ERROR.
    Where, in an action against a city for injuries to a pedestrian in consequence of slipping on a ridge of ice on the sidewalk, the jury could only arrive at the conclusion that the city was negligent in failing to remove

the ice, an instruction that the city was obliged to keep its streets in safe condition was not prejudicial to it.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 4227.]

Rich and Jenks, JJ., dissenting.

Appeal from Westchester County Court.

Action by Fannie Kopper against the city of Yonkers. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and MILLER, JJ.

Francis A. Winslow, for appellant.

Thomas F. Curran, for respondent.

MILLER, J. It cannot seriously be questioned that the jury were justified by abundant evidence in finding that, at the place where the plaintiff fell, ridges of ice from two to four inches thick had formed across the walk, not from natural causes alone, but from the freezing of water discharged upon the walk from a pipe in a supporting wall on the abutting premises, and that said ridges had negligently been allowed to remain in said condition during the winter preceding the accident; and the uncontradicted statement of the plaintiff that she slipped on this ridge of ice is corroborated by the circumstance that the location of the ridge and the place of the fall were coincident. But it is claimed that this case is controlled by Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, 59 Am. Rep. 492, because of the circumstance that the ridge had been augmented by a recent fall of snow for which the defendant was not responsible. It appears that for several days before the accident the temperature had been below the freezing point, and we may assume that the light snow, which according to the defendant's evidence had fallen the day before, when packed down by travel, augmented this ridge by some inconsiderable fraction of an inch, and it is urged that it is just as likely that the recent snowfall was the sole cause of the injury as that the ridge of ice contributed to cause it. In the Taylor Case, the plaintiff fell upon a smooth surface of ice recently formed by rain followed by sudden freezing, causing the walks throughout the city to become slippery and dangerous, and the plaintiff sought to establish liability, upon the theory that the slope of the walk, innocent enough in itself, contributed with the ice to cause the injury. Judge Finch said that the ice by itself "was a sufficient, certain, and operating cause of the fall"; obviously, the slope of the walk, for which alone the defendant was sought to be made liable, was not by itself "a sufficient, certain, and operating cause." But can it be said that to affirm that the ridge of ice had anything to do with the accident in the case at bar is a "pure guess and an absolute speculation," as Judge Finch said of the slope of the walk in the case cited? The ridge of ice by itself was an adequate cause. The slope of the walk without the ice was harmless. It seems to me a splitting of hairs to argue that a jury could not say, without guessing, that the plaintiff would have fallen just the same if the ridge had been a sixteenth of an inch smaller. I think this case is the exact converse of the case relied upon, that the condition

for which the defendant was concededly responsible was the "sufficient, certain, and operating cause of the fall," and that it is a "pure guess and an absolute speculation" to affirm that the fall of light snow had anything to do with it. It is not claimed that this fall of snow had produced a slippery and dangerous condition of the walks throughout the city; on the contrary, it is manifest that no such condition could have resulted from such a fall of snow as is described in this case during constantly freezing weather.

It is further to be observed that the defendant's witness who claimed to have had charge of this walk testified to having cleaned it of snow every day up to and including the day of the accident, admitting, however, on his cross-examination, after having denied it on his direct, that there were ridges of ice in front of the pipe throughout the winter. It is probable that the snow was not thoroughly removed from the walk where the ridges of ice were, owing to the very fact that such ridges were there. And if the doctrine contended for here is to be regarded as the law, municipalities may, with impunity, disregard every duty, which they have heretofore been supposed to owe to the public with respect to the removal of dangerous accumulations of ice and snow from sidewalks, because the case will be rare indeed in which it will not be possible to show some slight change in the situation of such recent origin as to free the municipality from responsibility for it. It is true the grade of this street was steep, and it is, of course, possible that the plaintiff might have slipped somewhere else if she had not slipped on the ridge of ice, as it is also possible she might have slipped at the very spot if the ridge had not been there. But in determining whether the ridge had anything to do with the fall, the jury may have considered the circumstance that she slipped on it, entitled to some weight. The fact that the grade of the street increased the likelihood of pedestrians falling, instead of lessening the defendant's responsibility, imposed upon it the duty of exercising vigilance commensurate with the danger, and required it to exercise some care to prevent dangerous accumulations of ice from the cause shown to have existed in this case. The impossibility, owing to the rigors of our climate, of keeping walks free from ice and snow is fully recognized both by courts and juries, and the salutary effect of the rules declared by the Court of Appeals to be applicable to such cases is undoubted; but I am not in favor of extending the rule so as to grant immunity to cities and villages from the consequences of the neglience of their officers even in snow and ice cases. I think the facts of this case bring it well within the cases of Todd v. City of Troy, 61 N.Y. 506, Pomfrey v. Village of Saratoga Springs, 104 N. Y. 459, 11 N. E. 43, and Gillrie v. City of Lockport, 122 N. Y. 403, 25 N. E. 357.

Only one other question urged by the appellant requires consideration. The defendant excepted to the charge of the court that:

"The city is obliged to keep its streets in good, safe, passable condit'on."

As I understand the rule, it is the duty of the city to do this, and in the discharge of that duty to exercise reasonable care (see Turner v. City of Newberg, 109 N. Y. 301, 16 N. E. 344, 4 Am. St. Rep. 453; Pettengill v. City of Yonkers, 116 N. Y. 558, 22 N. E. 1095,

15 Am. St. Rep. 442), and it is manifest from the entire charge that this is just what the jury must have understood. The court charged the jury that they were to determine whether the ridges of ice had existed for a sufficient length of time so that the city officials ought to have known that they were there and to have removed them, that nothing unreasonable or impossible was required of the city, and that they were to consider the difficulties attending sudden changes of weather. While the language used might have been more exact, that criticism can be passed upon practically every charge, as a trial judge cannot be expected to define rules of liability with the exactness and precision of a text-writer. The defendant contented itself with a general exception, without calling the attention of the court to any precise point, which it desired elucidated. Moreover, it is apparent that the defendant was not prejudiced. This portion of the charge related to the question of the defendant's negligence respecting the ridges of ice, and it is difficult to see how a jury could have arrived at any other conclusion on that question. A reading of this record leaves little room for doubt that the ridges were formed from the cause assigned by the plaintiff, and the defendant's witness, who must have known the most about it, admitted that they were there throughout the winter. The only debatable questions of fact upon which the defendant's liability depended were whether its negligence was the proximate cause of the fall, and whether the plaintiff was shown to have been free from contributory negligence. I am entirely satisfied with the findings of the jury on these questions. The verdict is a moderate one, and I vote to affirm the judgment and order.

HIRSCHBERG, P. J., and HOOKER, J., concur.

RICH, J. (dissenting). Hawthorne avenue is a public street in the city of Yonkers, descending northerly to Main street at a very steep grade—14.2 feet in a hundred. Along the sidewalk on this avenue, opposite premises owned by one Schleuter, is a high retaining wall through which a pipe leads forming an overflow discharge for surface water accumulating on the premises and conducted into a deep basin underneath the sidewalk. On February 20, 1904, the plaintiff, while passing over a sidewalk on this street, slipped and fell at a point nearly opposite the pipe referred to, sustaining the injury for which she has recovered in this action. The evidence tends to establish that at the place of the injury there was ice upon the walk, in ridges, which had accumulated some time before, and that the sidewalk had been in practically the same condition, so far as the accumulated ice was concerned, for at least three weeks prior to the injury. The temperature did not rise above 32 degrees from February 15th until 3 o'clock in the afternoon of the 20th, when it was 34 degrees, dropping back to 32 at 6 o'clock and to 21 at midnight. During the night of February 18th, it commenced to snow; the storm continued at intervals through the night of the 18th and all day the 19th, three inches of snow falling, which had not been removed from the walk in question at the time the plaintiff fell.

The evidence in this case establishes practically the same conditions

that existed in Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, 59 Am. Rep. 492, and the principle of law established by that case, that where there are two concurring causes producing an injury, for one of which the municipality would be liable and for the other of which it would not, the plaintiff cannot recover unless it appears that, but for the former cause, the injury would not have been sustained, is applicable to the case at bar. In the case cited, as in this case, dangerous conditions had existed in the walk for a sufficient length of time prior to the injury to charge the city with notice and fix its liability. In that case a new walking surface had been formed by new ice, recently formed, which condition had not existed for a sufficient length of time to establish negligence on the part of the city in not removing it, and the plaintiff slipped upon this new surface. The same conditions exist in this case, with the exception that the new walking surface was composed of snow instead of ice, which had fallen the day before uniformly throughout the city, and had been trodden down by persons traveling over it, so that it became smooth and slippery, for which condition the city was not liable, because sufficient time had not elapsed since the storm to charge the city with knowledge of such condition; and it was upon this newly trodden surface that the plaintiff in this action fell. The fact that this new surface was composed of smooth and slippery snow instead of ice, newly formed, does not remove the case from the operation of the principle stated. In the Taylor case, as in this, the jury were charged that if the storm occurring on the day prior to the accident was the cause of the injury, the plaintiff was not entitled to recover, and unless they were satisfied by a fair preponderance of the evidence that the injury would not have been sustained in the absence of the former dangerous conditions, "that she fell, because there were ridges of ice there, and would not have fallen unless there were ridges of ice there," the defendant was entitled to their verdict. Under the charge, the jury in arriving at a verdict for the plaintiff, necessarily found that the ridges of ice were a concurring cause, without which the injury would not have happened. We thus reach the inquiry whether the record discloses facts which warrant that conclusion, or whether the verdict in this respect was the result of surmise and speculation.

Prior to the 20th, while the same condition as to the ridges of ice upon the walk are shown to have existed, the plaintiff passed over the walk five or six times without slipping or falling. The evidence as to the manner in which she slipped is very meager, and the case is barren of any proof establishing or warranting the inference that she stepped on one of the existing ridges, and that her foot slipped therefrom, causing the fall. She was alone when she fell, and there was no eye witness of the accident. On her cross-examination, she testified:

"I said just a few minutes ago that I thought snow fell the day before there was snow on Friday. That snow on top of those ridges had not been cleaned off on Saturday; I am sure of that. The snow that lay on this ice, of those ridges, on which I fell, was the snow that had fallen the day before. I am positive that that snow that fell the day before had not been cleaned off, and I am positive that that snow was the snow that covered those ridges on Saturday, the day I fell. Q. In other words, that less than 24 hours had elapsed between

the fall of this snow and your fall on those ridges of ice; you fell on those ridges within one day after the snow fell? A. Yes, sir. Q. And that snow was still there, and had not been removed? A. Yes, sir. I fell a quarter or ten minutes of 7. I left the house a quarter of 7. I say that this sidewalk was icy at this place where I fell; it was the snow that was worn smooth that had fallen the day before."

This evidence hardly admits of any inference other than that the existing ice ridges on the walk had been covered by a new surface of snow, falling on the day before, which had been trodden down to smooth ice by travel, and upon this new icy surface the plaintiff slipped and fell. No one can say with any degree of certainty that if this sharply slanting walk had been cleaned when the storm of the day before commenced, and the three inches of snow falling had spread uniformly over its surface, and had been trodden down until it formed smooth ice, the plaintiff would not have fallen the same as she did. Adopting the language used by the court in the Taylor Case, supra, the plaintiff slipped upon this new-formed icy surface. That by itself was a sufficient, certain, and operating cause of the fall. No other explanation is needed to account for what happened. It is possible that the ice ridges existing when the storm commenced had something to do with it; it is also possible that they did not. There is no proof that they did. To affirm it is a pure guess and absolute speculation. The fact that the plaintiff had passed over the walk in its ice-ridged condition on several occasions immediately prior to the formation of the new surface by the storm of the 18th, without discomfort or injury, if it does not warrant the inference that the dangerous conditions causing the injury were confined and limited to the newly formed trodden-down icy surface, for which condition the defendant was not liable, makes it just as probable that the injury was the result of the new condition without the concurrence of the ridges, as that they formed a concurring cause, and brings the case within the rule laid down in Searles v. Manhattan Railway Co., 101 N. Y. 661, 5 N. E. 66, that the plaintiff must fail if it is just as probable that the injury was caused by the one as by the other, as the plaintiff is bound to make out his case by a preponderance of the evidence. "The jury must not be left to mere conjecture," says Earl, J., in the case cited, "and a bare possibility that the damage was caused in consequence of the negligence and unskillfulness of the defendant is not sufficient." The evidence fails to sustain the inference that the icy ridges complained of were a concurring cause of the injury, being limited to the bare fact that they existed, and the motion for a nonsuit should have been granted. See, also, Kaveny v. City of Troy, 108 N. Y. 571, 15 N. E. 726; Moran v. City of New York, 98 App. Div. 301, 90 N. Y. Supp. 596. The learned trial court charged the jury:

"The city is obliged to keep its streets in good, safe, passable condition. It is obliged to keep its sidewalks in good, safe, passable condition for persons to walk over; but the law does not require anything unreasonable of the city. It certainly does not require anything impossible. It goes further than that, and does not require anything unreasonable, and where the conditions by a sudden change of the weather become dangerous, it is not reasonable to expect the city officials to go and remove them immediately."

At the conclusion of the charge the record shows an exception to this instruction, as follows:

"Mr. Winslow: I desire to take exception to your honor's charge that the city is obliged to keep its streets in good, safe, and passable condition. The Court: Subject to the conditions that I have already charged them; that there is reason in all things, and that they cannot be expected to keep them as clean as the floor of a room, subject to change in temperature; subject to the accumulation of ice which they cannot in reason know of. I think I went into that pretty fully. Exception to Mr. Winslow."

The charge in this respect was erroneous, and did not correctly state the liability of the defendant. The error was not cured by the remarks of the court, and the exception was well taken.

For the reasons stated, I think the judgment and order should be reversed, and a new trial ordered; costs to abide the event.

JENKS, J., concurs.