## LARSON v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. June 16, 1911.)

MUNICIPAL CORPORATIONS (§ 771*)—DEFECTS IN STREETS—ICE ON SIDEWALK.

A city did not remove the snow accumulated upon a sidewalk during the mild weather following the storm, and it was worn into ruts and ridges. A later storm covered these ruts and ridges with ice. *Held*, that one injured from a fall upon this ice could recover from the city, from its failure to remove the first snow, whereby the ice covered a sidewalk already dangerous.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1627; Dec. Dig. § 771.*]

Jenks, P. J., dissenting.

Appeal from Trial Term, Kings County.

Action by Agnes Larson against the City of New York. From a judgment for plaintiff, and an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

James D. Bell (Jesse W. Johnson, on the brief), for appellant.

William McArthur (William H. Griffin and Martin T. Manton, on the brief), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J. The plaintiff was injured by falling upon an icy sidewalk in the borough of Brooklyn on the 8th day of February, 1908. The only question raised upon this appeal is whether there was evidence in the case which would justify the jury in finding that the defendant was negligent in reference to this walk. There was evidence that there was a heavy storm on or about the 23d day of January; that this was followed by a period of mild weather; that this continued until about the 1st of February, at which time the weather became severe, remaining so up to the time of the accident on the evening of the 8th, with some snow and rain; that the heavy snow of January 23d was not removed at the point of the accident, though generally cleared away in that locality; and that this snow had, under the thawing and freezing prior to the 1st of February, been thrown into ridges, and was very rough and uneven.

There appears to be no doubt that there was a new coating of ice over these ridges, formed by the elements during the fore part of February, and it is conceded that, if this coating of ice had been formed on a sidewalk in good condition, no liability would be involved. But here the evidence showed that the sidewalk had been in an unsafe condition for several days prior to the 1st of February, and the case was submitted to the jury upon the theory that, the dangerous ridges having been shown to exist, the plaintiff could not be deprived of her right to a reasonably safe walk because of the fact that a new coating of ice had been formed over the old ridges, and we are of the opinion that this is the correct view of the law. The rule which exempts municipal corporations from liability where the condition is produced by climatic changes does not go to the extent of absolute immunity. It only operates to give the municipality a reasonable opportunity to perform its duty, by recognizing the impossibility of cleaning the streets from snow and ice under circumstances of great difficulty. Here the dangerous condition had been created and had existed for many days, while there was every opportunity for cleaning the snow and ice from the walk, and the municipality was not relieved from responsibility for this condition by the fact that subsequently some small addition was made to the accumulation. Ice upon a smooth sidewalk is one thing; ice accumulated upon a condition made dangerous by the neglect of the city is quite another; and we are of the opinion that the authorities cited by the learned justice who presided at the trial justified the submission of this case to the jury. The defendant took no exception to the refusal of the court to nonsuit or for the direction of a verdict, and, the verdict not being contrary to law, we are of the opinion that the judgment and order appealed from ought not to be reversed.

The judgment and order appealed from should be affirmed, with costs.

THOMAS, CARR, and RICH, JJ., concur. JENKS, P. J., dissents.