NELLIE FIELDS *vs.* OWEN FIELDS ET AL.

Third Judicial District, Bridgeport, October Term, 1918.
RORABACK, WHEELER, BEACH, GAGER and CURTIS, Js.

A motion for a nonsuit in an action tried to the jury does not operate as one to set aside a verdict as against the evidence, and should not be granted where its determination requires the trial judge to pass in any appreciable degree upon the credibility of witnesses. In other words, if there is any evidence to support the essential elements of the plaintiff's cause of action its credibility is a matter for the jury and not for the court.

In the present case, which was an action for alienating the affections of the plaintiff's husband, there was evidence tending to show that a separation of the husband from his wife would be welcomed by the defendants, who were his parents, and of statements by them tending to show that they had, without legal justification, intentionally

influenced the husband to leave his wife. *Held* that under these circumstances the plaintiff should not have been nonsuited.

Submitted on briefs October 23d—decided December 17th, 1918.

ACTION by a wife to recover damages for the alienation of the affections of her husband by the defendants, his parents, brought to the Superior Court in New Haven County where, upon the defendants' motion, the plaintiff was nonsuited in a trial to the jury before *Bennett, J.*, and from the refusal of the trial court, upon the plaintiff's motion, to set aside this judgment, the plaintiff appealed. *Error and judgment of nonsuit set aside.*

*Ulysses G. Church* and *Edward B. Reiley*, for the appellant (plaintiff).

*Leonard J. Nickerson* and *Clayton L. Klein*, for the appellees (defendants).

CURTIS, J.   Under the evidence presented, no suggestion is made that there was not substantial evidence that the plaintiff had lost the affection and society of her husband.   The defendants claim that there was no substantial evidence sustaining the following essential facts of the plaintiff's case: first, that the defendants were the effective or predominant cause of such alienation; second, that the defendants maliciously caused such alienation, that is, caused the alienation intentionally and without legal justification.

An examination of the evidence discloses that there was evidence of a state of mind on the part of the defendants tending to show that a separation of their son from his wife would be welcomed by them; furthermore, that from October, 1916, until the separation in April, 1917, the husband spent an increasing amount of time with his parents, and that neglect of his wife showed a proportional increase during said period. There was evidence of statements by the parents tend-

ing to show that they had, without legal justification, directly and intentionally influenced the husband to part from his wife.

It is clear that the court dealt with these motions as if they were in the nature of motions relating to the setting aside of a verdict as against evidence. In *Cook v. Morris*, 66 Conn. 196, 208, 33 Atl. 994, this court said: "But a motion for nonsuit cannot be permitted to operate as a motion to set aside a verdict against evidence. The latter is a proceeding by which the court may give relief for a palpable mistake made by the jury in weighing evidence submitted to them; the former is a proceeding by which the court may take a case from the jury when, admitting the truth of the evidence submitted by the plaintiff and every favorable inference that may be drawn from it, the issues must nevertheless be found against the plaintiff by force of some legal principle the determination of which is within the province of the court and not of the jury; or when the facts testified to are so clearly without that logical relation to the facts in issue, legally essential to any probative force, as in point of law to constitute no substantial evidence of the fact in issue. . . . A verdict may be set aside which is rendered upon the same evidence upon which the court has already refused to grant a nonsuit. Where the granting of a nonsuit must depend in any appreciable degree upon the court's passing upon the credibility of witnesses, the nonsuit should not be granted."

Applying these principles of law to the situation presented to the trial court in the motion to set aside the nonsuit, it is apparent that the court erred in not granting the motion.

There is error and the judgment of nonsuit is set aside.

In this opinion the other judges concurred.