## MARY SCHROEDER *vs.* THE CITY OF HARTFORD.

First Judicial District, Hartford, March Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

In view of the conflicting evidence as to the extent and visibility of the icy condition of the much-traveled sidewalk upon which the plaintiff fell, as she was walking in the company of her husband, the conclusion of the jury that she was not guilty of contributory negligence was reasonable.

With respect to accumulations of snow and ice upon its sidewalks,

it is the duty of a municipality to exercise reasonable care to maintain a reasonably safe condition under all the circumstances, including the location, extent, and character of use of the walk in question, the practicability and efficiency of possible remedial measures, the magnitude of the problem presented, the expenditure involved and the resources available therefor.

The fact that a dangerous, icy condition upon a sidewalk is limited in extent will not serve to relieve a municipality of its duty and liability, provided it has notice of its existence and can with reasonable expenditure make the passage reasonably safe for travel.

The action of a trial judge in refusing to set aside a verdict is entitled to great weight upon appeal to this court.

It appeared that the icy surface in the present case was the result of a storm occurring five days prior to the accident. *Held* that, in view of the evidence as to the location and use of the sidewalk and the opportunity for observing the situation, there was no merit to the defendant's claim that it could not be charged with notice of the defect.

The verdict for the plaintiff for $4,000 *held* not excessive.

Argued March 2d—decided April 8th, 1926.

ACTION to recover damages for personal injuries, alleged to have been sustained by the plaintiff as the result of a fall upon an icy sidewalk in the defendant city of Hartford, brought to the Superior Court in Hartford County and tried to the jury before *Simpson, J.;* verdict and judgment for the plaintiff for $4,000, and appeal by the defendant. *No error.*

*Louis B. Rosenfeld,* with whom was *W. Arthur Countryman, Jr.,* for the appellant (defendant).

*Henry J. Calnen,* for the appellee (plaintiff).

HINMAN, J. The appeal relates solely to the refusal of the trial court to set aside the verdict as contrary to law or to the facts, or both, or as excessive. It is contended, first, that the jury was not justified in finding that the plaintiff was free from contributory negligence. She was walking along her right hand

portion of a much-traveled sidewalk, and, naturally, near the edge of the walk and close to the building adjoining it. Her own testimony and that of her husband afford the principal direct evidence as to her conduct at the time, and there is a decided conflict of testimony as to the extent of the icy surface and its visibility to one exercising ordinary care. The fact that the plaintiff was escorted by her husband may properly have had some bearing in determining as to her prudence. *Wood* v. *Danbury,* 72 Conn. 69, 43 Atl. 554. The conclusion that the plaintiff was in the exercise of reasonable care is one at which, upon the evidence, the jury might legitimately have arrived.

The next claim relates to the decision, necessarily involved in the verdict, that the city failed to fulfil the duty incumbent upon it as regards conditions produced by snow and ice upon its sidewalk. This obligation, succinctly stated, is to exercise reasonable care to maintain a reasonably safe condition. The rule contemplates consideration of all the existing circumstances, including the location, extent, and character of use of the walk in question, the practicability and efficiency of possible remedial measures, the magnitude of the problem presented, the expenditure involved and the resources available therefor. It "looks constantly to the ever changing circumstances of situations, and its keynote throughout is reasonableness in view of the circumstances as they appear upon each occasion." *Carl* v. *New Haven,* 93 Conn. 622, 626, 107 Atl. 502; *Cloughessy* v. *Waterbury,* 51 Conn. 405; *Landolt* v. *Norwich,* 37 Conn. 615.

No exception is taken to the sufficiency of the charge, and the inference is therefore warranted that this rule and the considerations affecting its application were adequately presented to the jury. There was no dispute as to the existence of ice upon the walk; the

conflict of testimony related only to the nature and extent of the icy surface. The plaintiff testified, with some corroboration, that an entire flagstone or section of concrete walk was covered with smooth ice. Witnesses for the defendant claimed that the area of ice was much smaller and that the surface was rough and sprinkled with ashes. That the plaintiff slipped upon the ice, fell and broke her hip, was undisputed. The jury were perhaps more likely to accept the plaintiff's description, and more warranted in so doing, because, had the conditions in fact been as stated by some of the defendant's witnesses, apparently the happening of the accident would have been precluded.

But even if the size and location of the ice were as claimed by the defendant, that fact would not, of itself, be decisive in its favor. If ice exists upon a sidewalk, even to a limited extent, in a dangerous condition, and if the city has ample notice of the fact and can with reasonable expenditure make the passage reasonably safe for travel, it ought to do it and is responsible for the consequences if the duty is neglected. *Cloughessy v. Waterbury*, 51 Conn. 405; *Carl v. New Haven*, 93 Conn. 622, 107 Atl. 502. The conclusion of the jury upon this element of the case is not inconsistent with a fair application of the rule of law governing municipal obligation and liability to the facts which they might reasonably have found from the evidence, and is fortified by the refusal of the trial court to set aside the verdict, when applied to upon the same grounds as are urged here. The situation of a judge before whom a case is tried is one of such vantage in matters affecting the soundness of a verdict, that the results of his careful and mature deliberation as to whether or not it should be disturbed are entitled to great weight. *Roma v. Thames River Specialties Co.*, 90 Conn. 18, 96

Atl. 169; *Schulte, Inc.* v. *Hewitt Grocery Co.,* 101 Conn. 750, 125 Atl. 365.

The only logical conclusion from the evidence is that the condition complained of was a survival from a storm occurring five days before the accident. This, together with the disclosed location, use, and opportunity for observation of the situation, disposes of the claim of lack of notice to the city of the condition of the walk at that time and place.

The nature and extent of the plaintiff's injuries and the suffering and disability involved were such that, even adopting the most favorable prognosis which the evidence affords, the damages awarded are not regarded as excessive.

There is no error.

In this opinion the other judges concurred.