JOHANNA KEATING *vs.* THE CITY OF NEW LONDON.

Second Judicial District, Norwich, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, JS.

Although an action against a municipality to recover damages for injuries caused by a defective highway is not based upon negligence, nevertheless it is not only proper but necessary that the trial judge explain to the jury the legal standard of reasonable care and how that standard may vary with changing circumstances.

The fact that the danger to be anticipated is a circumstance to be considered in determining whether a municipality exercised reasonable care with respect to ice and snow upon its highways may be offset by the further circumstance, also to be considered, that the danger is caused by an extended period of inclement weather, thus rendering more difficult and burdensome the task of keeping the streets in a reasonably safe condition.

The defendant claimed that the trial court's charge upon the subject of constructive notice was inadequate. *Held* that the charge was correct and sufficient and that, if the defendant desired more particular instructions upon the point, it should have filed with the trial court requests to charge.

When once a defective condition of a sidewalk due to snow and ice has become established, the fact that thereafter and before injury occurs to a traveler as a result of it, the condition varies in some slight degree by reason of intervening storms or melting, will not relieve the municipality of liability, nor will it, of itself, preclude a finding that the municipality had constructive notice of the existence of the defect.

In the present case, the defendant claimed that, in spite of evidence offered by the plaintiff to the effect that the sidewalk upon which she fell had been in a slippery condition for a week or more prior thereto, there was no reasonable basis for the jury's finding of constructive notice because it appeared that snow had fallen on five of the six days preceding the accident. *Held* that this contention was without merit, since the jury might reasonably have concluded from the evidence that, despite these snow-falls, the defective condition had remained substantially unchanged for a week or more before the injury to the plaintiff.

Argued April 27th—decided May 29th, 1926.

ACTION to recover damages for personal injuries, alleged to have been caused by a defective sidewalk, brought to the Superior Court in New London County and tried to the jury before *Avery, J.;* verdict and judgment for the plaintiff for $7,136, and appeal by the defendant. *No error.*

*Frank L. McGuire* and *Charles B. Whittlesey,* with whom, on the brief, was *Thomas E. Troland,* for the appellant (defendant).

*Arthur M. Brown* and *Perry J. Hollandersky,* for the appellee (plaintiff).

MALTBIE, J. The plaintiff brought her action to recover damages for injuries sustained, as she alleged, by reason of a fall upon a sidewalk in the defendant city, claiming that the sidewalk was in a defective condition because of ice and snow upon it. The original appeal is taken from the refusal of the trial court to set aside a verdict rendered in the plaintiff's favor. It is somewhat difficult to understand the testimony of the witnesses as to the place upon the sidewalk where she fell, because they so largely illustrated it by reference to exhibits, but we certainly cannot say that the jury could not reasonably find the accident to have occurred substantially at the spot she claimed. There was considerable evidence, apparently credible, that the sidewalk at that spot was slippery and not reasonably safe for passage by reason of hard packed snow and ice upon it; even the assistant city engineer of the defendant testified that, were it not for a covering of ashes which he stated was upon it when he visited the place the day after the accident, it would not have been safe, and the daughter of the owner of the adjoining premises, called by the defendant, testified that, before she had put such a covering over it on the night of the accident, it was in a dangerous condition. There was also testimony that the defective condition of the sidewalk had existed for a week or more before the accident, without sand or other protective covering having been used to remove the danger; that the street where the accident occurred was one of the principal thoroughfares of the city and one of the five streets to which attention was first given in the city's efforts to remedy defective conditions due to snow and ice; that the weather had been inclement during the days preceding the accident; and that, by reason of the dangerous condition of its streets, the city every day had had men and trucks or teams engaged in sanding its side-

walks. In such a situation we could not say that the jury might not reasonably have found that the sidewalk was defective at the point where the plaintiff fell and that the condition had been such and existed for such a length of time as to justify imputing notice of its condition to the city in time for it reasonably to have remedied the defect; certainly we could not hold that the trial court was in error in its denial of the motion to set the verdict aside. *Schroeder* v. *Hartford,* 104 Conn. 334, 132 Atl. 901; *Frechette* v. *New Haven,* 104 Conn. 83, 132 Atl. 467.

The defendant contends, however, that the weather conditions during the six days preceding the accident had been such as to preclude a reasonable conclusion of liability on its part. The accident occurred about six p.m. on February 15th, 1923. The plaintiff called as a witness the United States weather observer at New London and he testified that, on the 6th and 7th days of February, there was a snow storm in which five and one half inches of snow fell; that on the night of the 9th and 10th, two and one half inches more snow fell; on the 11th, one inch fell; on the night of the 13th, there was snow and hail with some rain, resulting in a snow fall of two and one half inches; on the night of the 13th and 14th, one inch more of snow fell; and on the night of the 14th, ceasing at nine-thirty a.m. on the 15th, one and one half inches of snow fell. The defendant contends that it could not, in view of these facts, reasonably be found that the condition which caused the plaintiff's fall had existed for any such time as to render the sidewalk defective or to impute notice to the city. When once a defective condition due to ice and snow has become established, the fact that thereafter, by reason of storms or melting, that condition varies in some slight degree, will not relieve the city of liability and will

not in itself preclude a finding of constructive notice to it.  *Parks* v. *Des Moines*, 195 Iowa, 972, 191 N. W. 728; *Kopper* v. *Yonkers*, 110 App. Div. 747, 97 N. Y. Supp. 425, affirmed 188 N. Y. 592, 81 N. E. 1168; *Larson* v. *City of New York*, 145 App. Div. 619, 130 N. Y. Supp. 257; *Johnson* v. *City of Buffalo*, 178 App. Div. 295, 165 N. Y. Supp. 372; *Jackson* v. *Kansas City*, 181 Mo. App. 178, 183, 167 S. W. 1150.   One of plaintiff's witnesses, apparently credible and disinterested, testified that he had been over the sidewalk twice a day or more, and that it had been very slippery for fully a week before the accident; and there was other testimony to much the same effect.   The daughter of the adjoining owner, called by the defendant, testified that the walk had been shovelled prior to the accident.   The weather observer also testified that, despite the snow-falls, the amount of the snow on the ground had decreased from six inches on the 9th to four inches on the 14th and 15th, which might be taken to indicate that the snow falling in the intervening time was very light, having little water content. It would not be a far inference for the jury to draw, that these snow-falls had either been cleaned from the walk in question or trodden down, and they might reasonably have concluded that the defective condition had existed in a substantially unchanged condition for a week or more before the accident.

The defendant complains of a portion of the charge in which the trial court said:   "Given a situation, to determine whether or not a person is negligent, if the conduct is that of a reasonably prudent man there is no negligence, and he cannot be charged with negligence.   If he fails to use such care as a reasonably prudent man would use under all the circumstances, there is negligence.   Of course, the circumstances are all important—they vary with every situation.   In

circumstances of slight danger, a very slight degree of care would be reasonable care, while in circumstances of great or high danger a very high degree of care would be the conduct of a prudent person. The circumstances are to be taken into consideration in determining whether or not an act is negligent, and the conduct is the conduct of an ordinarily prudent man in all the circumstances." Certainly no fault can be found with this statement as an explanation of the requirements of reasonable care in a negligence action. But the defendant insists that it is incorrect and harmful as applied to an action to recover for a defective highway condition. In *Gustafson* v. *Meriden,* 103 Conn. 598, 131 Atl. 437, we recently discussed a similar criticism and what we there said is wholly applicable here. Indeed, the present charge is not as open to criticism as was the one in that case, for here the trial court definitely and adequately explained the nature of the action, as one founded upon the statute, which it read to the jury; and it definitely and adequately charged them as to the duty of a municipality under that statute, using apt quotations from the opinions of this court. The duty of the defendant being to use reasonable care to keep its streets reasonably safe, an explanation by the court as to what constitutes reasonable care and how the amount of care required changes with varying circumstances, is very necessary. *Congdon* v. *Norwich,* 37 Conn. 414, 419; *Carl* v. *New Haven,* 93 Conn. 622, 625, 107 Atl. 502. The statement that the amount of care required increases in proportion to the danger to be anticipated, is correct as applied to the duty of municipalities to remedy defective conditions in their streets. *Kopper* v. *Yonkers,* 110 App. Div. 747, 97 N. Y. Supp. 425, affirmed 188 N. Y. 592, 81 N. E. 1168. To be sure, the dangerous conditions brought about by a run of

inclement weather, by making more burdensome the task of the city in its attempt to keep its streets reasonably safe, must also be considered, and in determining whether the city used reasonable care in a particular instance one circumstance may offset the other. But the full explanation of the duty of the city which followed this portion of the charge was adequate to place the matter before the jury in its true light.

The remaining reasons of appeal, in one way or another, are based upon the claimed inadequacy of the charge properly to instruct the jury as to the length of time during which the defective condition causing the injury must have existed in order to make the city liable, particularly in view of the weather conditions we have discussed. An examination of the charge discloses that the trial court repeatedly, emphatically and correctly charged the jury as to the conditions which would make the sidewalk defective and as to the necessity that the particular defect causing the injury must have existed a sufficient length of time so that the city must have had, or be charged with, notice of it, and that it specifically called attention to the defendant's claim as to the snow-falls preceding the accident in their relation to those issues. Had the defendant desired more particular instructions in the respects that it now claims, it should have filed with the trial court requests to charge. *Vinci* v. *O'Neill*, 103 Conn. 647, 656, 131 Atl. 408.

There is no error.

In this opinion the other judges concurred.