ALBA YANDOW ET AL. *v.* CITY AND TOWN OF BRISTOL

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued October 10—decided November 20, 1958

*Francis J. McCarthy* and *Edward J. Foley,* with whom, on the brief, was *Warren Maxwell,* for the appellant (defendant).

*Robert B. Cohen,* with whom, on the brief, were *Morton E. Cole* and *Cyril Cole,* for the appellees (plaintiffs).

MELLITZ, J. The plaintiffs, formerly husband and wife, had a verdict for injuries sustained by the wife as the result of a fall on an icy sidewalk. The defendant has appealed, assigning error in the denial of its motion to set the verdict aside. There was no claim of actual notice to the defendant of the icy condition of the walk. The defendant contends that the indisputable physical facts established by weather bureau records introduced by it in evidence negatived the possibility of a finding by the jury of constructive notice. To warrant such a finding, the plaintiffs were required to establish that the icy condition of the sidewalk was of such character and duration that the defendant could and should have discovered it and guarded against injury from it. *Falkowski* v. *MacDonald,* 116 Conn. 241, 245, 164 A. 650; *Ritter* v. *Shelton,* 105 Conn. 447, 450, 135 A. 535.

The propriety of the court's refusal to set aside the verdict is to be tested by the evidence most favorable to the plaintiffs. *Giambartolomei* v. *Rocky DeCarlo & Sons, Inc.,* 143 Conn. 468, 474, 123 A.2d 760.

From the testimony of the wife, hereinafter called the plaintiff, the jury could reasonably have found the following facts: On the morning of December 17, 1946, she left home shortly after 7 o'clock to go to work. The weather was cloudy, and a very light mist or rain was falling, so she went back to the house for her raincoat, which she carried over her arm. She walked approximately half a mile to the bus. The sidewalk and roads did not show any general icy condition. She got off the bus across the street from the plant where she worked. It was still misting or raining very lightly. She crossed the street and started walking toward the plant when she fell on ice which covered a great deal of the sidewalk. It looked as if there were footprints on it, and it was dark, dirty and thick. There was no sand, ashes or sawdust on the ice. For about two or three days before she fell, she had seen the ice in the same place. She was picked up by Max Madore, a stranger.

From the testimony of Madore, who was offered as a witness by the plaintiff, the jury could also reasonably have found the following: He was driving past the scene of the plaintiff's fall, picked her up and took her in his car to her home. It was misting that morning, but there was no freezing rain or ice on the windshield of his car and the roads were good. There was ice extending across the width of the sidewalk where he picked up the plaintiff. He saw no other ice in Bristol that morning. He had not previously known the plaintiff.

The defendant introduced as a witness its superintendent of public works, who testified that for about twenty years the city had compiled and maintained weather records, which it kept in the office of public works. Entries of the temperature and weather conditions, first noted on a pad and later inserted in the

record books, were made every two hours at the public works garage by watchmen. They had no training in making weather observations and had as their only instrument an outside thermometer which could be seen through a window. The defendant offered in evidence two of these weather record books, in which recordings appeared as follows: On December 12, 8:45 a.m. through 12 p.m., except at 8 p.m., rain, and temperatures at 34 degrees Fahrenheit or above; on December 13, temperatures at 34 degrees or above until 8 p.m., and then 32 degrees until midnight; on December 14, temperatures from 26 to 32 degrees until 10 a.m., and 34 degrees from noon to 4 p.m.; thereafter, until 10 a.m. on December 17, temperatures from 20 to 32 degrees. On December 17 at 6 a.m. the recording was "30 above cloudy and cold"; and at 8 a.m., "32 above freezing rain and cold."

The claim of the defendant is that these recordings are indisputable physical facts which demonstrate conclusively that there could not have been an accumulation of ice on the streets of the city prior to the plaintiff's fall and that the slippery condition which caused the plaintiff to fall had been created by a glaze of freezing rainfall commencing shortly before, and continuing to, the time of the accident. These physical facts, the defendant says, establish a lack of constructive notice in the sense of a reasonable time and opportunity for the defendant to remedy the slippery condition.

The defendant relies for its position entirely on *Wadlund* v. *Hartford,* 139 Conn. 169, 171, 91 A.2d 10. On the facts there, the records of the United States weather bureau, laid in evidence by the plaintiff, were held to demonstrate conclusively that the testimony of the daughter of the plaintiff, who gave

the only testimony in the case on the vital issue of constructive notice, could not constitute credible evidence upon which the defendant could be charged with constructive notice. Important differences are present in the situation here, as the trial court has pointed out in its memorandum of decision denying the motion to set aside the verdict. The jury were not required to give to the present weather records, maintained as they were by the defendant's own employees, the degree of credibility which was accorded in the *Wadlund* case, supra, to the disinterested and official records of the United States weather bureau. Again, the testimony of the plaintiff about the condition and appearance of the ice was supported by the independent testimony of a witness who was in no way related to her. A further significant difference is disclosed in the weather records themselves. At the time of the plaintiff's fall and for several days preceding, the temperature was below freezing, reaching a low of 20 degrees much of the time. Cf. *Tenney* v. *Pleasant Realty Corporation,* 136 Conn. 325, 327, 70 A.2d 138. The possibility that the ice on which the plaintiff fell was the result of the freezing of an accumulation of water following the rain of nearly a whole day on December 12 and that this ice remained frozen during the practically continuous low temperatures of the succeeding days was not negatived by anything contained in the weather records. Photographs of the surrounding terrain and of the sidewalk itself were in evidence. From these the jury might well have found that the records in fact corroborated testimony presented by the plaintiff as to the length of time the ice had been on the sidewalk. *Gleba* v. *New Britain,* 133 Conn. 85, 87, 48 A.2d 227. "Determination of the issue of constructive notice must depend upon the application

of [the principles governing municipal liability for highway defects] to the ascertained facts of each individual case, a function of the trier the performance of which is assailable, on appeal, only when the resulting conclusion is found to be so unreasonable as to be inadmissible . . . ." *Davanza* v. *Bridgeport,* 118 Conn. 23, 25, 170 A. 484; *Bazinet* v. *Hartford,* 135 Conn. 484, 487, 66 A.2d 117; *Ward* v. *Hartford,* 134 Conn. 694, 696, 60 A.2d 512; *Johnson* v. *New Haven,* 123 Conn. 569, 572, 196 A. 343. It cannot be said that the weather records here effectively negated other evidence before the jury upon which a finding of constructive notice could properly be based. *Tenney* v. *Pleasant Realty Corporation,* supra, 329.

The credibility of the witnesses and the weight to be accorded to the evidence were for the jury. We are to decide only whether there was evidence before the jury from which they could fairly and reasonably have reached the conclusion they did. *Giambartolomei* v. *Rocky DeCarlo & Sons, Inc.,* 143 Conn. 468, 474, 123 A.2d 760. There was substantial evidence submitted to the jury from which a finding of constructive notice was warranted. *Gleba* v. *New Britain,* supra, 88; *Young* v. *West Hartford,* 115 Conn. 384, 388, 161 A. 523; *Schroeder* v. *Hartford,* 104 Conn. 334, 338, 132 A. 901; *Keating* v. *New London,* 104 Conn. 528, 532, 133 A. 586; *Frechette* v. *New Haven,* 104 Conn. 83, 94, 132 A. 467. We cannot hold that the trial court abused its discretion in denying the motion to set aside the verdict.

There is no error.

In this opinion Daly, C. J., and King, J., concurred; Baldwin and Murphy, Js., dissented.