LOHMANN, APPELLANT, *v.* CITY OF CINCINNATI, APPELLEE.
(Two cases.)*

*Motion to certify the record overruled in case No. 8854, March 15, 1961.

354

(Nos. 8854 and 8855—Decided December 5, 1960.)

*Mr. C. R. Beirne* and *Mr. Eugene Droder*, for appellants.
*Mr. James W. Farrell*, city solicitor, *Mr. Edward A. Hogan*
and *Mr. Lyle W. Castle*, for appellee.

O'CONNELL, J. These cases grew out of an accident that
happened on December 29, 1956, on Erie Avenue, where Erie
Avenue becomes a bridge as it crosses Red Bank Road, both of
these streets having been duly dedicated.

The facts in the case are that the plaintiff Pauline G. Loh-
mann was driving in a westerly direction on Erie Avenue, on
December 29, 1956, and, as her automobile entered on the bridge
above referred to, the automobile skidded and hit an iron utility
pole. As a consequence the plaintiff Pauline G. Lohmann sus-
tained serious injuries. In her petition she asked for damages
on account of these injuries and for her loss of employment.
In Carl J. Lohmann's petition, he asked for damages for ex-
penses incurred as a result of his wife's injuries and for loss of
his wife's services.

To these petitions, the defendant demurred on the grounds
that the city is not liable for a nuisance in the highway, unless
that nuisance is intimately connected with a defect in the high-
way construction, and unless reasonable notice has been given
to the city that such nuisance has existed. Thus, the giving of
reasonable notice to the city is treated in *Bello* v. *City of Cleve-
land*, 106 Ohio St., 94. The first paragraph of the syllabus of
that case is as follows:

"The liability of a municipality under Section 3714, Gen-
eral Code [Section 723.01, Revised Code], can only be estab-

lished by proof of notice or knowledge of a dangerous condition in a street, or other public place as therein enumerated, or of its existence for such length of time as to impute notice or knowledge, or by proof that the agents and officers of the municipality actively caused such condition.''

Now, the only notice given to the city according to the amended petition was as follows: ''During the afternoon of December 28, 1956, the highway maintenance department of the defendant was given three written notices by the meteorologist in charge of the United States Weather Bureau, Cincinnati, Ohio, warning the defendant of the fact that the snow would melt on the highways in Cincinnati with no accumulation expected or icy conditions developing except on the bridges and viaducts in said city and that such places would probably ice up when the temperature was expected to drop during the evening.''

However, there is no assertion here that a responsible official received any notice; moreover, whatever notices were given in this case referred to the future; and in order for the notice to the city to be effective, it must have reference to the present.

For the city to be held liable, there must be a defect in construction or otherwise. Thus it is held in the case of *Standard Fire Ins. Co.* v. *City of Fremont*, 164 Ohio St., 344. In the third paragraph of the syllabus it is stated:

''* * * The scope and application of such statutory provisions to streets or highways are limited to conditions affecting the actual physical structure of the streets or highways and to the physical obstructions or hindrances to travel thereon.''

Thus, in order for liability to descend upon the city, there must be two elements: Defect in construction or otherwise and notice to the municipality. Neither of these two elements was present in the cases before us.

Moreover, 27 Ohio Jurisprudence (2d), 394, Section 292, treats slipperiness as follows: ''A slippery condition of a street or other public way may, under some circumstances, constitute an actionable defect therein, although a mere slippery condition due to natural causes is not ordinarily so regarded.''

Nor does the mere accumulation of snow and ice constitute

a nuisance and make the city liable for damages. Although, as it is held in *Schroeder* v. *City of Hartford*, 104 Conn., 334, 132 A., 901, the duty of the city with respect to snow and ice is to exercise reasonable care to maintain a reasonably safe condition. Thus, it is held as follows in paragraphs 1 and 2 of the syllabus in *McCave* v. *City of Canton*, 140 Ohio St., 150:

"1. In the absence of a special statute, a municipality is not liable for injuries resulting from the usual and natural accumulation of snow and ice on its streets or sidewalks.

"2. Section 3714, General Code [Section 723.01, Revised Code], which provides that the council of a municipality shall have the care, supervision and control of public streets or sidewalks within the corporation, and shall cause them to be kept open, in repair, and free from nuisance, does not change the rule above stated as to the accumulation, from natural causes, of snow and ice on such streets or sidewalks."

It is likewise so held in the syllabus in *Village of Leipsic* v. *Gerdeman*, 68 Ohio St., 1, as follows: "In an action against an incorporated village to recover for injuries sustained by slipping and falling on an icy sidewalk, where it appears that the accident occurred about eight o'clock in the morning and that the icy condition at the place where such accident occurred was caused by ice which had formed thereon only the night before, the village cannot be charged with constructive notice of the condition of such walk, and it is error to submit to the jury whether the village might by the exercise of reasonable care and diligence have had knowledge of the defect in time to have remedied it."

Therefore, since a mere accumulation of snow and ice does not constitute a nuisance, since notice must be given to the city of any defect constituting a nuisance in the street, and since the defect must have something to do with faulty construction, we are of the opinion that the city of Cincinnati cannot be held liable in these cases.

The judgment of the Court of Common Pleas in each of these cases is, therefore, affirmed.

*Judgments affirmed.*

MATTHEWS, P. J., and LONG, J., concur.