[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant, West Haven Housing Authority, has moved for summary judgment as to the plaintiff, Rosalina Berrios, claiming there are no genuine issues of material fact and the defendant is entitled to judgment as a matter of law.
This action arises out of injuries that the plaintiff, Rosalina Berrios, allegedly sustained when she slipped and fell in the parking lot of the defendant, West Haven Housing Authority, located at 204 Oak Street in West Haven. In her complaint, the plaintiff alleges that defendant failed to properly maintain the condition of the parking lot, and that an accumulation of ice and snow caused her to fall and sustain injuries. The incident occurred on February 18, 2000 at approximately 3:50 p.m. when the plaintiff was walking across the parking lot toward her vehicle, after visiting the apartment of a tenant. Defendant has offered statements of plaintiff conceding that it was snowing all day and that it was still snowing at the time of her fall. Defendant argues that the duty to exercise reasonable diligence in removing accumulations of snow and ice does not arise until a reasonable period after the end of the storm and submits that, in the absence of a duty owed to the plaintiff, there is no basis for liability of the defendant. However, plaintiff has also proffered evidence to support her claim that the recent snow overlay a prior accumulation of ice and snow that had not been removed, which imposes liability on defendant.
"A trial court may appropriately render summary judgment when the documents submitted demonstrate that there exist no genuine issues of material fact remaining between parties and the moving party is entitled to judgment as a matter of law." Bertha v. Waterbury House Wrecking Co.,190 Conn. 8, 11 (1983). A "genuine" issue is one that is supported by evidentiary facts or substantial evidence apart from the pleadings.United Oil Co. v. Urban Redevelopment Comm'n, 158 Conn. 364, 378 (1969). CT Page 11089
Summary judgment is appropriate only if a fair and reasonable person could conclude only one way. A summary disposition should be on evidence which a jury would not be at liberty to disbelieve. Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751-52 (1995). In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Appleton v. Board of Education,254 Conn. 205, 209 (2000)
Connecticut courts have ruled that negligence actions, such as the present action, may not always be suitable to summary judgment. SeeSpencer v. Good Earth Restaurant Corp., 164 Conn. 199 (1972). However, the issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because it is a legal issue. Pion v. SouthernNew England Telephone Co., 44 Conn. App. 657, 660 (1997). In contrast, an issue of causation is generally a question for the trier of fact.Abrahams v. Young Rubican, Inc., 240 Conn. 300, 307 (1997).
In order to sustain a cause of action based on a claim of negligence, there must be a duty on the part of the defendant, the defendant must have breached that duty, and there must be a causal connection between the breach of that duty and the plaintiff's resulting injuries. Catz v.Rubenstein, 201 Conn. 39, 44 (1986). A central issue in a negligence case is whether the defendant has deviated from the required standard of reasonable care. Logan v. Greenwich Hospital Assn., 191 Conn. 282, 299
(1983). "The existence of a duty of care, an essential element of negligence, is a matter of law for the court to decide." Burns v. Boardof Education, 228 Conn. 640, 646 (1994).
The Connecticut Supreme Court has held that, "in the absence of unusual circumstances, a property owner, in fulfilling the duty owed to invitees upon his property to exercise reasonable diligence in removing dangerous accumulations of snow and ice, may await the end of a storm and a reasonable time thereafter before removing ice and snow from outside walks and steps." Krause v. Newtown, 211 Conn. 191, 197-98 (1989).
However, as stated in Connecticut Law of Torts, by Douglas Wright, John Fitzgerald, William Ankerman, (Third Edition 1991), on page 308:
 "While a defendant is ordinarily not charged with the duty of removing snow or sleet while the storm is still in progress, situations may arise where the proximate cause of the accident was a pre-existing accumulation of ice or snow, the danger of which was increased by the more recent precipitations."
CT Page 11090
This particular fact situation, in which newly fallen snow overlays pre-existing snow and ice, has been considered by the Connecticut Supreme Court in Frechette v. New Haven, 104 Conn. 83 (1926). In Frechette, the plaintiff had seen the walk in which she fell a few days prior and knew it to be slippery. Then, new snow fell, covering the old. The Connecticut Supreme Court concluded situations will arise in which a pre-existing accumulation of snow would have its danger increased by more recent precipitation and would remain the proximate cause of an accident, imposing liability upon the party responsible for maintenance of the first earlier accumulation. See also, Yandow v. Bristol, 145 Conn. 703
(1958).
The plaintiff maintains that she fell on the combination of pre-existing hard-packed ice and new snow that had fallen. This claim is supported by her deposition, her statement, and her answers to interrogatories. Statements in her deposition may weaken her claim, but are not controlling in view of all the evidence submitted. The court is bound to construe this evidence in favor of plaintiff when considering summary judgment.
A material issue of fact exists as to the proximate cause of plaintiff's fall. The weight and credibility of the evidence is a function for the trier of fact. This case is inappropriate for summary judgment. Connecticut Practice Book § 17-44.
Accordingly, defendant's motion for summary judgment is denied.
The Court
By _______________ Sequino, J. CT Page 11091